## HANSON & al. vs. WILLARD & al.

*Partition* may be had of a *mill and mill privilege*, under the provisions of *stat.* of 1821, *ch.* 37, *sec.* 2.

It seems, however, not to be absolutely necessary that such partition should be by *metes and bounds*.

THIS was a petition for partition under the provisions of *stat.* of 1821, *ch.* 37, in which the petitioners stated that they were owners and interested, in certain proportions, with others, in the

*Province mill privilege* and the *mill* standing thereon; that, they could not improve their respective parts to advantage, while the same were in common and undivided," and " prayed that their said parts might be set off, and assigned to them in severalty."

The respondents, by their plea, objected to the partition prayed for, because they alleged, " that the several parts could not be divided and set off to each partitioner and owner, to hold in severalty, without great injury, injustice, and inconvenience to the owners, and without destroying the proper use and enjoyment of the mill, and rendering it useless."

To this plea the petitioners demurred, and the demurrer was joined by the respondents.

The case was argued in writing by *D. Goodenow* and *N. D. Appleton,* for the respondents, and by *J. Shepley,* for the petitioners.

The counsel for the respondents argued at length, to show that partition of this kind of estate would destroy it, or render it of little or no value to its owners, and further maintained, that this position was admitted by the demurrer of the petitioners.

They then contended, that the *stat. ch.* 37, under a reasonable construction, was not intended to apply to property of this description; or at all events, that the terms of the statute were not *peremptory,* but entrusted a *discretionary power* to the Court, to order partition or refuse it. They also cited the following authorities: *Co. Litt.* 187; 3 *Bac. Abr.* 211; *Co. Litt.* 175, *b; Stat.* 31 *Hen. VIII, ch.* 1; *Stat.* 32 *Hen. VIII, ch.* 32; *Stat.* 7 *Ann, ch.* 18; *Maine Stat. ch.* 37, *sec.* 2; 1 *Bl. Com.* 91; 2 *Bl. Com.* 189; *Co. Litt.* 164, *b,* 165, *a;* 4 *Dane's Abr.* 769; *Maine Stat. ch.* 59, *sec.* 31; *Bartlett* v. *Willis,* 3 *Mass.* 100.

The counsel for the petitioners controverted the arguments on the other side, and cited the following authorities: 2 *Cruise Dig.* 529, 561; 2 *Com. Dig.* 646; *Co. Litt.* 164, *b,* 167, *b; Turner* v. *Morgan,* 8 *Veasey,* 144; *Baring* v. *Nash,* 1 *Veasey and Beame,* 554; *Clarendon* v. *Hornby,* 1 *P. Will.* 446; *Maine Stat. ch.* 37, *sec.* 2; *Bemis* v. *Stearns,* 16 *Mass.* 200; *Stearns* v. *Stearns,* 16 *Mass.* 167; *Pond* v. *Pond,* 13 *Mass.* 413; *Morrill* v. *Morrill,* 5 *N. Hamp. Rep.* 134, and 329; *Arms* v. *Lyman,* 5 *Pick.* 210; *Symonds* v. *Kimball,* 3 *Mass.* 299.

At a subsequent term, the opinion of the Court was *delivered* by

PARRIS J. — By the common law, parceners might be compelled, by writ, to have partition of their inheritance, but until the statute of 31 *Hen. VIII, ch.* 1, there was no mode of compelling partition among joint-tenants and tenants in common. They might make an amicable divisio: of their joint or common property, but unless all would agree to such a division, no individual could obtain a partition whereby he might enjoy his share in severalty. The preamble to that statute recites the inconveniences to which those might be subjected, who were interested in joint or common property, and could not compel a division, viz. that "divers and many of the joint-tenants and tenants in common, oftentimes of their perverse, covetous, and malicious minds and wills, against all right, justice, equity and good conscience, by strength and power, not only cut down all the woods and trees growing upon the same, but also have extirpated, subverted, pulled down and destroyed all the houses and the whole commodities of the same, and have taken and converted them to their own use, to the open wrong of the other joint-tenants and tenants in common of the same property, who have been always without any assured remedy for the same."

The statute then proceeds to give the remedy, by providing that "all joint-tenants and tenants in common, of any estate of inheritance of any lands, tenements, or hereditaments, shall and may be coacted and compelled to make partition between them, in like manner and form as coparceners have been and are compelled to do."

As early as 1693, the colonial legislature provided, that "all persons holding any lands, tenements, or hereditaments, as coparceners, joint-tenants or tenants in common, may be compelled by writ of partition at common law, to divide the same." This is substantially the phraseology of our statute, *ch.* 37, *sec.* 1.

From this review it will be seen, that we have adopted what is usually called partition at common law, that is, by writ *de partitione facienda,* and in cases under that mode, as our statute embraces the same subject matter as the *stat.* 31 *Hen. VIII, ch.* 1, viz. "*lands, tenements, and hereditaments,*" we may be aided in

our investigations by the judicial expositions of that statute, and the practice under it.

Under the writ *de partitione,* a partial partition cannot be made. The demandant must institute his process against all the other co-tenants. He must, at his peril, state his own share, and that of the others, with precision, and every one must have a part set out in severalty.

This was found to be very inconvenient, and, in many cases, partition " though much desired and of great advantage, was often hindered and delayed, by reason that infants were interested, or that the parties concerned were numerous and lived remote from each other, and sometimes in parts beyond sea, and were some of them unknown :" *Preamble to Statute of March* 11, 1784. To remedy this and other inconveniences, a mode was provided, by the statute above mentioned, by which persons interested with others in any lot, tract of land or other real estate," might have their share or shares set off and divided from the rest. This is the mode prescribed by our statute, *ch.* 37, *sec.* 2.

We have taken this review to arrive at the object of partition by petition, as prescribed by our statute, and we think it is apparent, that the statute does not modify the common law as to the species of property that may be the subject of partition, but that, of whatever kind of property partition might be demanded, by parceners at common law, it might be demanded by joint-tenants and tenants in common, under *statute* 31 *Hen. VIII, ch.* 1, and under both the 1*st* and 2*d sections* of our *statute, ch.* 37.

The phraseology of the 2*d sec.* " any person or persons interested with others in any lot, tract of land, or other real estate," is, at least, as broad and comprehensive as " all persons holding any lands, tenements, or hereditaments, as tenants in common," &c. which is the language of the 1*st section,* and is substantially the language of the English statute above referred to, which was the earliest statute upon the subject.

Under the provisions of our statute, *ch.* 37, *sec.* 2, a tenant in common may have his property divided and set out from the residue of the common property, without causing a division of the whole, as he must if he proceed by writ. That section changes

the mode of procedure, but it neither limits nor enlarges the objects on which the process is to operate. If the estate be such as the petitioner could demand partition of it by writ under the first section, he may have it by petition, in the mode pointed out in the second. He has his election. In the one case, the whole common property must be divided among all the co-tenants ; in the other, the petitioner's share alone is to be set out, and the residue will continue as before, the common property of all the remaining tenants.

Considering then, that whatever property would be partible under a writ of partition at common law, would be alike partible under the statute process of partition, we proceed to inquire what kinds of property may be the subject of partition. We have seen that lands, tenements, and hereditaments, or, as described by statute, lands or other real estate may be divided, and as it is essential to an estate in common to be subject to partition, it is incident to such an estate that either tenant may enforce it. Those interested in the common property may make a conventional partition so as best to accommodate the whole, having regard to the nature and situation of the estate ; but if no such partition can be agreed upon, either tenant may claim it as of right, and it is no sufficient objection to a partition that it would be attended with the most inconvenient consequences, and that the value of the property so much depends on its entireness, that its division would materially lessen that value. The strongest arguments of inconvenience will not prevail, and it is said, in a recent treatise on partition, that if there is only one entire subject matter of division, it must be severed into shares, although the difficulty of doing it should be almost insuperable, and although it should be attended with the most palpable inconvenience and even destruction. *Allnatt on Partition,* 85. As was said by *Lord Eldon,* in *Turner* v. *Morgan,* 8 *Ves. jr.* 143, the difficulty is no objection, if the parties insist upon having the law take its course, the partition must proceed. If they would avoid the difficulty, they ought to agree to buy and sell. 11 *Ves.* 157, *note ;* 17 *Ves.* 546, *note.* We might refer to a great number of cases, some at law, and others in Chancery, all recognizing the principle that tenants in common may demand partition of right, and that injury to the

common property, or inconvenience to other co-tenants, cannot be urged to stay the proceedings. It is not material here to inquire into the origin of the authority of Courts of Chancery to order partition. The jurisdiction has been assumed and exercised concurrently with courts of law, and upon the same principles. The bill for partition is in the nature of a writ of partition, and as far as regards the property, the commission is due in those cases in which the writ lies. *Turner* v. *Morgan, before cited.*

We come to the conclusion, that if the petitioner, as he alleges, is interested with others as tenants in common, in the real estate described in his petition, he may claim of right to have partition made and his share set off and divided from the rest, however inconvenient it may be to make such partition, or however much the other co-tenants, or the common property may be injured thereby.

We do not, however, intend to be understood as deciding that the partition must, in all cases, be made by metes and bounds ; by an actual division of the estate. That question has not been raised in the argument. It will more properly come before us, upon the report of the committee. It may, however, be useful to make a few suggestions on this point. The mode of partition is not prescribed, either by our statute, or by the English statute before referred to. It is no where enacted that the common estate shall be divided by metes and bounds. But that is, undoubtedly, the usual, and, generally, the most convenient mode. There are, however, cases in which actual partition cannot be made, as of things which are in their nature entire ; yet it may be made in effect, for where the thing and the profits are the same, a partition of the profits is a partition of the thing. *Per Holt C. J.* in *Bishop of Salisbury* v. *Philips,* 1 *Salk.* 43. The process of partition, whether by writ or petition, does not affect the inheritance ; it is the possession, merely, which is affirmed or ascertained. And why is it not as substantially a partition, to assign the entire possession or use of the common property to one tenant for one week, and to another tenant for another week, and so on to as many tenants as there may be, as to assign the unlimited possession and use of an acre to each to hold in severalty. This case is put in one of the books, in which most of the learning

upon this subject is to be found. "If a partition be made between two coparceners, of one and the self-same land, that the one shall have the land from *Easter* until *Lammas*, to her and her heirs, and the other shall have it from *Lammas* till *Easter*, to her and her heirs, or the one shall have it the first year and the other the second year, *alternis vicibus, &c.* there it is one self-same land, wherein two persons have several inheritances at several times. Wherein it is to be noted that the possession is not only several, but the inheritance also." *Co. Litt.* 4, *a.* It is said, in *Fitzherbert's Nat. Brev.* 62, *I,* "Partition betwixt coparceners, that one shall have the occupation of the land from *Easter* until *August,* solely, and in severalty to herself, and then that the other shall occupy the land solely and severally, from *August* to *Easter,* yearly, to them and their heirs, is adjudged a good partition;" and the same is recognised as law, by the author before referred to. *Co. Litt.* 167, *a, b.*

It is said by *Allnatt,* in his late treatise on partition, before referred to, *page* 51, speaking of what kinds of property partition may be demanded by writ, and how they must be divided, "If the property is not in its nature severable, the profits may be divided; or it may be divided so as to confer the enjoyment by turns;" thus recognizing the ancient doctrine as laid down by *Fitzherbert* and *Coke.* But we will pursue this branch of the subject no further.

We are of opinion, that the petitioners are entitled to partition, notwithstanding any thing alleged against it in the respondents' pleas.