## WHALLEY v. SMALL AND SMALL.

1. **Adverse possession:** OF UNFENCED LANDS: CASE FOLLOWED. The case of *Booth & Graham* v. *Small and Small*, 25 Iowa, 177, respecting the occupancy and adverse possession of unfenced lands. followed and approved.

2. —— ENTRY OF TRESPASSER: EFFECT OF AN ADVERSE POSSESSION. Adverse possession of unfenced lands is not disturbed or interrupted by the temporary entry of one without any sufficient color of title. The entry in such case is regarded as that of a trespasser, and does not work an ouster of the possession.

3. **Practice:** EVIDENCE: ERROR WITHOUT PREJUDICE. The admission of objectionable testimony, which, if excluded, could not have changed the verdict, is error without prejudice, and will not operate to reverse the judgment.

**4. —— AMENDMENT.** So too, if the rejection of an amendment offered by the unsuccessful party, when the evidence thereunder would have been equally fatal to his claims.

*Appeal from General Term, Eighth District (Jones County).*

THURSDAY, JULY 28.

THE facts are sufficiently stated in the opinion to an understanding of the points ruled.

*Wm. Graham* and *W. E. Leffingwell* for the appellant.

*Grant & Smith* for the appellee.

WILLIAMS, J.—In this action for the recovery of real

**1. ADVERSE POSSESSION: of unfenced lands: case followed.** property the plaintiff claims it by a title deduced from the deed of one Atherton, who purchased the land of the United States.

The defendants claim title by occupancy, under color of title, also, derived from Atherton. In *Booth & Graham* v. *Small and Small*, 25 Iowa, 177, the same question substantially was determined as is in issue in this suit, and the law applicable to defendants' claim of title by prescription is clearly defined and needs no repetition in this opinion. The law applicable to the issue made by defendants, and the definition of what is evidence of occupancy of unfenced and uncultivated land, given by the court to the jury, is fully sustained by the opinion in the case above cited, and was properly given.

To rebut the evidence offered by defendants to sustain their claim of possession, the plaintiff offered the testi-

**2. —— entry of trespasser: effect of on adverse possession.** mony of D. G. M. Westbrook, who stated that he bargained for the land of one C. Daniel, the grantee of Atherton, who conveyed the land in controversy to Whalley, the plaintiff;

and relying on his purchase thereof, during the winter of 1860 and 1861, he cut and sold from the land from fifty to seventy-five cords of wood, made posts with intent to fence and break eighty acres of the land, and that he did this by virtue of a possession given him by C. Daniel, but that in the spring Whalley came with a deed of the land to himself, and spoiled his, Westbrook's, plans.

To rebut this testimony, Wm. E. Small, one of the defendants, was called, and he stated, that, during the winter of 1860 and 1861, he received a letter from his agent, Simpson, to the effect that Westbrook was cutting timber on Small's land, and asking instructions. Instructions were given, and about a month after he received another letter from Simpson, stating that he had stopped Westbrook's cutting timber according to instructions.

To this testimony of Small, plaintiff objected as hearsay and inadmissible, because it stated the contents of writings, because it is not shown to be the best evidence, because it is the declaration of a third party who is alive and a competent witness. The objection should have been sustained; and because of the admission of this testimony the plaintiff claims that there was error, for which the judgment for defendants should be reversed, and a new trial granted. Westbrook, according to his *own* testimony, had no color of title, and he abandoned his claim when Whalley appeared. If there was, as to the land, possession in another, as to such possession Westbrook was a trespasser, and his trespass was not inconsistent with such a possession as the law recognizes of unfenced and uncultivated lands. All the acts of Westbrook, done with the intent he claims, would not oust the possession of another, and to hold otherwise would be to place the wrong-doer above the rightful owner. This testimony of Westbrook was all the evidence that tended to show an actual possession adverse to defendant's claim of possession; shows he

Whalley v. Small and Small.

wanted the land and his desire to get it ; does not tend to contract, and is not in conflict with, the testimony offered by defendants in chief to sustain their claim of possession.

It was not necessary that Small should have ordered Westbrook off the premises. Westbrook left them of his own accord. It was not necessary that the objectionable testimony should be introduced. There was uncontradicted, credible testimony sufficient to support the verdict, which was for defendants. And as the presumption is in favor of the verdict of a jury, and as there were good reason for the verdict, the presumption is, the verdict was rendered for these reasons, and that the error in the admission of testimony complained of was error without prejudice. For had the verdict under the testimony been otherwise, even with the objectionable testimony excluded, the court should have it set aside. If the title of defendants was good by prescription, it matters not whether the plaintiff's title by deed was perfect or imperfect as a chain of title. It would not prevail against title by prescription. It can do the plaintiff no good to discuss his claims as to the effect of his deeds, and as a new trial is refused, our opinion in his favor would do him no good.

It is claimed that he should have had the benefit of the amended petition he offered to file, and that the refusal to permit him to file it was error. The evidence would have been equally fatal to his amended petition as to the petition upon which the trial was had. He has suffered no injury but an imaginary one, and it would be useless to the plaintiff to have a new trial granted him when the presumption is, that a third trial would result as the two already have, in favor of defendants.

*3. PRACTICE : evidence : error without prejudice.*

*4. —— amendment.*

Affirmed.