## COOPER v. THE CEDAR RAPIDS WATER POWER CO.

1. **Water Power:** PARTITION.  Where parties own in common a water power and mills, machinery, dam and other appurtenances, a partition of the whole property may be made.

2. ——: ——.  Where either party insists upon such partition it must be made, regardless of the inconvenience or hardship thereby occasioned.

3. ——: ——: RULE OF PARTITION.  When the partition of a water power is to be made, the rules governing it should be certain, definite and self-adjusting, so that they will readily apply to all future conditions of the power.

4. ——: ——: ——.  To effect the partition, the land under the water and dam may be divided by metes and bounds, and one part thereof assigned to each party, subject to the charge of keeping the dam in repair by the one to whom the part including it is assigned, and the right to use such portion of the water as may be assigned to each owner, the extent of which may be indicated by some visible monument or by controlling the flowage through the gates.

*Appeal from Linn District Court.*

WEDNESDAY, MARCH 22.

THE plaintiff is the owner of one-sixteenth of the water power owned by the parties in common.  And the only ques-

tion before the court is, whether there can be a partition of such property, and if so, whether it is practicable.

*Boal & Jackson*, for appellant.

At common law partition between tenants in common of real property is a matter of right. (*Van Arsdale v. Drake*, 2 Barb., 599; *Smith v. Smith*, 10 Paige Ch., 471; *Baring v. Nash*, 1 Ves. and B., 554; *Parker v. Girard*, Amb. 236; *Harrison v. Willard*, 3 Fairf., 146; *Turner v. Morgan*, 8 Ves., 143.) Water power may be partitioned. (*De Witt v. Harvey*, 4 Gray, 497; *Adams v. Briggs Iron Co.*, 7 Cush., 365; *Bemis v. Upham*, 13 Pick., 169; *Bardnell v. Ames*, 22 Id., 233; *Hills v. Dey*, 14 Wend., 206; *Morrill v. Morrill*, 5 N. H., 134; *Hanson v. Willard*, 12 Me., 142.)

*C. H. Conklin* and *Preston & Son*, for appellee.

A water course must be so used as not to interfere with the rights of others. (Angell on Water Courses, 96, 108, 102.) There can be no division against properties below but by prescription. (Washb. on Easements, 278, 293, 313.) One may make changes on his own land but must return the stream to its channel on land below. (Washb., 334.) Where several proprietors drain water from the same dam neither can direct or change the current without the consent of all. (*Brown v. Brown*, 30 N. Y., 519.) The general doctrine is that artificial channels give the same rights as natural. (Washb., 375-6; Angell, 96, 108, 295; 3 Kent, 439, 448.) Whatever rights are acquired by use must be used as acquired, and cannot be changed any more than natural rights. (*McCord v. High*, 34 Iowa, 336; Washb., 133, 278.) Of all improvements and easements which the grantor has created, appurtenant to the thing sold and which are visible and open to view, he is presumed to grant the right of permanent use. (*Lampman v. Mills*, 21 N. Y., 505; Angell, 269-70.) An artificial channel used for twenty years cannot be changed so as to affect the rights of those who have built upon it. (*Belknap v. Trimble*, 3 Paige Ch., 577.) Equity will interfere to restrain the divis-

ion of water. (*Arthur & Wright v. Case & Howard*, 1 Paige Ch., 447.)

SEEVERS, CH. J.—I. The counsel for the plaintiff insists that the primary question is as to the rights of the plaintiff to the use of the water and the manner it shall be conducted on and from his premises, mills and machinery. As we understand the record, however, this question is not before us. The District Court made a decree settling the rights of the parties in this respect, and from which neither party has appealed. If the plaintiff was not satisfied with the ruling of the court as to any matter, he should have appealed from so much of the decree as he was not satisfied with. The only question, then, before the court is whether, taking into consideration the rights of the parties as settled and adjusted by the District Court, can there be partition.

II. These parties own in common the water power and mill-dam across the Cedar river at Cedar Rapids, Linn county, together with all the appurtenances thereto in anywise belonging. Now, if they so owned the mills and machinery, or a part of them, propelled by the water, the authorities are that partition of the whole could be made. *Hanson v. Willard*, 12 Me., 142; and it is said the right exists at common law. *Smith v. Smith*, 10 Paige, 470. The Code does not declare the right, but recognizes its existence and regulates its exercise. Indeed, we do not understand the abstract right to be controverted by counsel, and certainly the court below based the decission solely on the ground of impracticability.

1. WATER power: partition.

III. The plaintiff is the owner of the undivided one-sixteenth part of the mill dam and water power, and the defendant the residue. This entails upon each party the same proportion of expense in repairing and rebuilding the dam, raceway and other things necessary to preserve and utilize the power. Their respective portions are definite and fixed and their rights and privileges known and understood. Judging from the argument of counsel for the appellant, it is not clearly apparent that a partition of anything except the

2. ——: ——.

use and flowage of the water is desired. And certainly no necessity is seen why there should be. But if in this we are mistaken and either party insists there should be a partition of the whole interest, or thing, then it must be, regardless of consequences. Inconvenience, impracticability or hardship has nothing to do with the question. If either party insists on his rights the law must take its course. *Hanson v. Willard, supra.*

IV. But the main objection is that the power is incapable of division, or that it is impracticable. That it is difficult, will be conceded, but we think there is nothing in the subject matter or the testimony showing that it is impossible. If the right exists, we should be slow to acknowledge that there is no way by which such right can be enforced. It can be readily seen that either party may be using much more power than he is justly entitled to. Indeed, the testimony clearly shows that the plaintiff is receiving more than the one-sixteenth part of the whole. But whether this be so or not the right exists in either party to have partition; he is not compelled to show or give a reason. It is said, however, that the plaintiff is not using any more water than is required to run his machinery, and that the full power of the stream is not utilized, owing to the defective raceway. But evidently this can make no difference, for the amount of water or power required to run the plaintiff's machinery is wholly immaterial, as he is entitled to only the one-sixteenth part of the whole, and if partition can be had at all, it should be of the power in its present state of development. With the same propriety it could be said that unimproved lands should not be partitioned. And the property should be so divided; that is, the mode or manner of so doing should apply to any future state of development.

The rules governing the partition should be certain, definite and self adjusting, so that they will readily apply to the future state and condition of the power. It is evident that the rules and regulations in the Code as to partition have reference alone to real property. Sec. 3291 provides that the shares shall be marked with visible monu-

3. ——: ——: rule of partition.

ments, but this does not necessarily mean such monuments as would be proper if so many acres of land were to be partitioned. The meaning must be held to be, such monuments as will be proper, taking into consideration the property to be divided, for the Code clearly recognizes that property may be partitioned (Sec. 3278), and property includes both real and personal. Code, Sec. 45. If personal property was to be partitioned, the respective shares of the owners could not be marked with the same kind or character of visible monuments as in the case of real estate, and yet this, or the fact that another course is usually taken to divide personal property held in common, by no means demonstrates that the right of partition does not exist. The right in this class of property has been recognized in Maine, Massachusetts, New York and other states. The fact that the mode or manner of so doing has been regulated by statute in some of those states by no means demonstrates that the right does not exist there as well as here independent of any statute. The fact that the Code does not regulate the manner the power is to be divided, does not demonstrate that it is impracticable to do so. Under the showing now made we cannot say that it is not entirely practicable to partition this property, and shall therefore direct that the attempt be made if the parties or either of them still insist on having it done.

V. We deem it proper, by way of suggestion, to indicate in general terms our views as to the mode and manner of making the partition. And we adopt substantially the rules laid down by the Chancellor in *Smith v. Smith, supra.* The land under the water and dam may be divided by metes and bounds, and one part thereof may be assigned to each party, subject to the servitude and charge of keeping up and repairing the dam on that part by the one to whom it is assigned for the use of the other, as well as for his own benefit, and the right to use such portion of the waters of the pond as may be assigned to each owner, as the referees may in their report direct.

If the raceway, bulkhead or gates are not so constructed as to prevent either party from using more than his share

of the water, the referees should in their report state what changes or alterations are necessary to effect the desired object. The referees may, if it can be done, mark the water to be used by each party by some visible monument, or by controlling the flowage through the gates, or designating the number of inches each party is entitled to use, or by the bulk, value, or quantity of water.

REVERSED.