MARY SMITH, Appellant, v. GEORGE YOUNG *et al.*, Appellees.

Title by Adverse Possession: COLOR OF TITLE: LIFE ESTATE INSUF-
FICIENT. Where a widow having a life estate only in an undivided one third of certain real estate, conveyed her interest to C., who conveyed to B., and the latter afterwards quitclaimed his interest to the widow, who thereafter remained in possession of the property for more than ten years, but in conjunction with one of her children, who lived with his mother during his minority, and after attaining his majority built a house upon a part of the property, and occupied the same with his family, *held*, that the widow's possession was neither exclusive nor adverse, so as to give her title by adverse possession.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION to quiet title to lot 2, in the subdivision of outlot 711, in the city of Dubuque. Joseph Young

died intestate, seized of said lot, in 1844, leaving sur-
viving him his widow, Sally Ann Young, and five chil-
dren. There was never an administration upon his
estate, nor was dower ever assigned. At the time of
his decease the dower of the widow was a life estate of
one third. On the fifth day of May, 1846, the widow
conveyed her interest in the lot to one Conet, and on
the same day Conet conveyed his interest to one Ball.
On the nineteenth day of June, 1846, Ball conveyed it
to the widow again. The words of the deed from Ball
are: "I do grant, bargain, and sell, and forever quit-
claim." From the death of her husband, in 1844, to
the conveyance by her to Ball, the widow occupied the
lot in question, and after the conveyance to her by Ball
she occupied it continuously till near her death, in
February, 1889, except for the years 1852 and 1853,
during which years she, having married one Howell,
lived with him in St. Paul. Howell died in December,
1853, when she returned to Dubuque, and resided on
the lot. During nearly all of the time after the death
of Joseph Young, his children, one or more of them,
occupied the lot with the widow, either by occupying
the house with her or another house on the lot. Wil-
liam Young, one of the defendants, built a house on
the lot in 1867, and has lived there since. By her mar-
riage to Howell she had one daughter, who is the
plaintiff in this suit. On the tenth day of November,
1888, Mrs. Howell conveyed the lot to the plaintiff, by
warranty deed, and she brings this suit against the
heirs of Joseph Young to quiet the title to the lot in
her. The district court made the following findings:
"Sally Ann Young had a life estate in one third of the
premises in dispute, and that alone. The deed from
Mrs. Young to Conet conveyed her life estate
only. The deed from Conet to Ball conveyed no
other or greater interest, and the deed from Ball to
Mrs. Young reinvested her with her original life estate.

The deed from Mrs. Young to the plaintiff conveyed Mrs. Young's life estate, and no more, and this estate terminated with the death of Mrs. Young. Mrs. Young's possession was neither exclusive nor adverse, in such sense as to furnish her a title based thereon." From a judgment dismissing her petition the plaintiff appeals.—*Affirmed.*

*Monroe M. Cady*, for appellant.

*P. S. Webster*, for appellees.

GRANGER, J.—The legal proposition involved in this case is not difficult. The appellant claims title to the lot only because of adverse possession by her mother or grantor. Had her mother never conveyed to Conet, but continued to occupy the lot, there would have been neither color of title nor claim of right on which to base title by adverse possession. Her interest of a life estate would have given no color to title in her behalf. It would have defined her right as being one of occupancy and use, without title or ownership, and there could be no claim of right, except as pertained to the life estate. She knew that she had nothing, except her life estate, to convey to Conet, nor did her deed purport to convey more. She knew Conet had nothing more to convey to Ball; nor had Ball anything more to convey to her. She could not have been mistaken that she received back nothing more than she gave, and she gave no title whatever. Conceding that to one not possessed of the actual facts the conveyances would have constituted a color of title or claim of right, as a basis for the operation of the statute of limitations, so as to justify a title by adverse possession, no such a rule obtains in favor of one actually knowing that he or she has no title or claim. The adverse possession must be in good faith. *Close v. Samm*, 27 Iowa, 503. It is true that title by adverse possession

may be obtained under a claim of title or right that is invalid, but not when the claimant actually knows that he has no title or right to a title. The joint occupancy of the lot forbids the idea of adverse possession.

William Young, while a minor, lived with his mother on the lot when she lived there, and after obtaining his majority he married, built a house on the lot, and has resided there since, and is now in possession of it. The district court found that the possession by Mrs. Young was neither adverse nor exclusive, both of which are essential to the title claimed, as against joint tenants. *Flock v. Wyatt*, 49 Iowa, 466. The possession of the widow must have been exclusive to justify an inference of an ouster as to joint occupants, and permit the statute of limitations to run. *Burns v. Byrne*, 45 Iowa, 285.

There is a claim by the appellant that when the widow took possession, under the deed from Ball, it was not by virtue of her dower right, for, as there was no assignment of dower, her right to such possession expired with the period of quarantine, forty days from the death of her husband, and that her possession by virtue of her deed, even though her grantor possessed no title, made her a trespasser, by reason of which her "possession was from the instant of her entry adverse to the defendants." The situation would be the same had she not conveyed the lot, but continued to occupy it beyond the period of quarantine. It is said that such an occupancy would have been a trespass; but the trespass in either case would not oust or dispossess her joint tenants, and without that her possession would not be adverse to either. See *Whalley v. Small*, 29 Iowa, 288. Some reliance is placed upon the case of *Hogan v. Kurtz*, 94 U. S. 773. It was an action of ejectment, and involved the application of the statute of limitations, because of adverse possession by a widow. There were no children. Her occupancy, with that of

her devisee, was for forty-two years. By the law then in force, where there were no decedents or kindred to take the estate, the title passed to the husband or wife, as the case might be. As we understand, the claim of title in that case was upon the state of facts; that is, it was a claim of title based on the absence of the defendants or kindred to take the estate. It will be seen that the two cases are widely different. It is not important to consider the case further. We think the conclusions of the district court are right, and its judgment is AFFIRMED.