TRUTH LODGE No. 213 A. F. & A. M., Appellee, v. MYRON BARTON, Appellant.

Action in Partition:  JOINT OWNERSHIP OF REAL ESTATE BY A SOCIETY AND AN INDIVIDUAL; CONSTRUCTION OF BUILDING UPON; POSSESSSSON BY SOCIETY; NOTICE.  Where real estate is purchased by and conveyed to an individual and an unincorporated society jointly, and they erect a building thereon under a written agreement that the society shall build and own a portion of the same and the individual the remainder, and thereafter the society is incorporated and continuously occupies and claims to own its portion of the premises from the time of the purchase of the lot, a grantee of the entire real estate under a deed from the individual alone, which excepts the portion of the building owned and occupied by the society, takes the title charged with notice of the rights of the society, even though when unincorporated it could not acquire legal title to real property.

Same:  CONTRACT RELATING TO CONSTRUCTION OF BUILDING; DOES NOT AFFECT OWNERSHIP OF REALTY.  A contract between an individual and a society for the construction of a building upon land owned jointly, providing that the society shall construct and own the stairway, second story and one-half of the roof, and the individual the remainder of the building, does not amount to a partition of the real estate or a relinquishment by the society of its interest therein.

"Successor" Means Successor in Interest:  WHEN ADMITTED NO PROOF IS REQUIRED.  An admission in the pleadings that plaintiff is the successor an unincorporated assciation should be construed to mean that he is its successor in interest, and no proof of that fact is necessary.

Title by Adverse Possession:  Title by adverse possession cannot be established in the absence of exclusive possession of the entire property.

Estoppel:  evidence.   Evidence considered and held that the
plaintiff is not estopped from asserting its title to one half
the real estate.

Partition:  when and how ordered.   Where parties are joint
owners of the real estate and owners of the buildings situated
thereon in severalty, partition of the property by sale may be
ordered in the absence of facts which in law amount to a
denial of the right.

*Appeal from Winnebago District Court.*—Hon. Clifford
P. Smith, Judge.

Tuesday, January 27, 1903.

Suit in equity for the partition of certain real estate.
The trial court found that the parties were owners in
severalty of certain parts of the property, confirmed their
interests therein, and denied partition.   Both parties ap-
peal, but, as defendant first perfected his, he will be
called "appellant."—*Affirmed* on defendant's appeal, and
*reversed* on plaintiff's appeal.

*Andrew Miller* for appellant.

*Butler & Hatch* and *Geo. D. Peters* for appellee.

Deemer, J.—In February of the year 1871, one Stilson
was the owner of lot 7, block 48, in Forest City.   He con-
veyed the premises by warranty deed to B. A. Plummer
and an unincorporated society known as Truth Lodge, No.
213, of Forest City, Iowa.   On April 11, 1878, B. A. Plum-
mer conveyed the premises, except the second story of the
building situated thereon, by warranty deed, to J. A. Plum-
mer.   March 13, 1885, J. A. Plummer conveyed the entire
premises, except the second story, to defendant, Barton,
by warranty deed.   On June 20, 1871, and while he was
yet the owner of the lot, B. A. Plummer entered into a
contract with Truth Lodge, the material parts of which
read as follows:   "That said parties hereby mutually agree
that they will build a brick building on the southwest

corner of block No. 48 in Forest City, Winnebago county, Iowa, the land being owned by both of the said parties jointly. The said B. A. Plummer hereby agrees to build and complete, and is to be the absolute owner of, the basement, to be built firmly and of stone, also the first story of brick (walls to be one foot thick), by the first day of September, A. D. 1871, excepting an entry four feet wide, and space sufficient for one flight of stairs, in the first story for the lodge, stairs to be built and owned by the lodge aforesaid, in the northwest corner of said first story. The said lodge aforesaid agrees with said Plummer to build the second story of said building, and is to be absolute and unqualified owner of said second story, and all above it, to the hi_hest heaven, excepting one-half of the roof, to be built by said Brook A. Plummer; the other half of said roof to be built by the said lodge, the said lodge to build and complete on their part by the last day of October, A. D. 1871." Pursuant to this contract, a building was erected upon the lot as therein contemplated. Truth Lodge remained an unincorporated body until some time in the year 1882, when it was duly incorporated under the general incorporation laws of the state.

This action was brought on the theory that plaintiff and defendant were and are tenants in common of the entire property. Defendant denies joint ownership, and claims that he is the owner of the lot and the first story of the building, for reasons which will hereinafter be stated. The trial court found that the plaintiff and defendant are the owners in severalty of the building,—the plaintiff being the owner of the second story, the stairway and one half of the roof, and the defendant being the owner of the basement, first story, and one-half of the roof,—and that the parties were tenants in common of the land covered by the building, each owning an undivided one-half interest therein in fee simple; that, by reason of the contract to which we have referred, neither party was entitled to

partition. As the building does not cover the entire lot, the trial court found that plaintiff and defendant were and are tenants in common of the property not so covered, each owning an undivided one-half interest therein. Neither party seems to be content with the decree, and both appeal.

That the decree may be fully understood, it should be stated that after the building was erected it was discovered that it stood some eight feet over the south line of the block, and into what is known as "J Street," in Forest City, and that the city council vacated eight by sixty feet of this street, and on September 20, 1881, conveyed the same to E. L. Stilson. Thereafter, and on September 20, 1886, Stilson conveyed this tract to Truth Lodge and Myron Barton, the parties to this litigation. The conveyence by the city to Stilson was legalized by an act of the legislature. See chapter 82, Acts 21st General Assembly. Mention should also be made of the fact that the building first erected under the contract heretofore set out, which was a solid brick structure, was during the year 1885 largely torn down, and a new, veneered building, of about the same size, was erected by the parties to this litigation in its place; the defendant constructing the basement and first story, and one-half of the roof, and plaintiff the second story, the stairway, and one-half of the roof. During all the time when there was a building on the lot, the parties were in possession of the property,—plaintiff of the second story and stairway, and defendant of the first story and basement.

Defendant contends that, as Truth Lodge was an unincorporated society at the time the deed was made to Plummer and the society, it could not hold the legal title to the property, and that, in consequence, Plummer held the legal title to the entire premises, but was in fact trustee of an undivided one-half interest therein for the individual members of the lodge. He further claims that J. A.

Plummer was a purchaser in good faith, and without notice of the trust character of the estate held by B. A. and that he took title discharged of the trust which he conveyed to defendant. He also contends that by and through the contract between B. A. Plummer and the lodge he became invested with the legal title to all of the lot covered by the building, if not to the entire premises.

Defendant also argues that by the mere act of incorporating Truth Lodge did not succeed to the rights of the individual members of the unincorporated society, and that, under the record as it is presented to us, plaintiff has no claim to any part of the property, save the second story, stairway, and one-half of the roof. He also contends that he holds title by adverse possession, that the conveyance by Plummer amounted to an ouster, and that his possession, with that of his grantor, has been adverse and hostile to plaintiff, and for such length of time that title has ripened in him to all the land by reason of the statute of limitations. Estoppel is also relied upon, due to plaintiff's failure to claim any interest in the property, although aware of the conveyances we have mentioned. These are the propositions presented for our consideration by defendant's appeal. Plaintiff, on its appeal, insists that, on the facts recited, its prayer for partition of the real estate should have been granted.

As to the first point made by defendant, we may concede that the unincorporated society could not take legal tilte to real property, that B. A. Plummer held the entire legal title under the conveyance from Stilson, and that an undivided half thereof he held in trust for the members of the unincorporated society. We may also concede that neither J. A. Plummer nor defendant had any actual notice of the alleged trust. But it does not follow that as such purchasers they took absolute title to the real estate. The conveyance under which B. A. Plummer.

1. JOINT ownership of real estate by individual and society: construction of building upon: possession by society: notice.

took title gave notice that Truth Lodge, incorporated or unincorporated, had some interest in the property. If incorporated, it was the owner of an undivided one-half interest, as shown by the records. If unincorporated, then Plummer's trusteeship is apparent. Aside from this, however, it is shown without dispute that plaintiff, as an unincorporated and incorporated society, has been in possession of the second story and stairway of the building, claiming ownership of one-half the lot, during all the time since the building was erected, except when it was in process of repair or reconstruction. These facts were sufficient to put defendant and his grantors upon inquiry, and gave him constructive notice of plaintiff's claim. *Rogers v. Hussey*, 36 Iowa, 664; *State v. Shaw*, 28 Iowa, 67; *Mosle v. Kuhlman*, 40 Iowa, 108; *Stewart v. Chadwick*, 8 Iowa, 463; *Ryan v. Doyle*, 31 Iowa, 53; *Nolan v. Grant*, 51 Iowa, 519.

The joint ownership of that part of the property which was at one time a part of J street must be conceded. At the time the deed from the city was made, plaintiff had become an incorporated body, and was capable of holding title to the land conveyed. This conveyance was also legalized, and there is no possible ground for saying that defendant holds the entire title to this tract.

The second point made by defendant is also without merit. The contract which we have set forth does not pretend to be a conveyance of the property. It expressly recites that the parties are joint owners of the land, and was made for the very evident purpose of fixing the parties' rights in and to the building which they were about to erect. The words "and all above it, to the highest heaven," might be construed to be a conveyance to plaintiff of the upper end of a pyramid of ethereal space, but there are no words which by any known process of construction can be tortured into a conveyance of the land to

2.  SAME: contract relating to construction of building: does not affect title to realty.

Plummer. The basement referred to is that which was to "be built firmly and of stone," and the first story was of "brick (walls to be one foot thick)." Surely this does not refer to real estate, other than that thus described. There was no attempt to partition the lands, but simply the building, and there is no merit in the claim that this contract amounted to a relinquishment by plaintiff of its interest in the land.

The next point is equally futile. Concede, for argument's sake, that Plummer held an undivided one-half interest in the property in trust for the individual members of Truth Lodge, as claimed, yet it does not fol

3. "Successor" means successor in interest: where admitted; no proof is required.

low that defendant is entitled to a decree for the entire land. It is admitted in the pleadings filed by defendant that plaintiff is the successor of the unincorporated association described as Truth Lodge, No. 213, A. F. & A. M. As applied to this case, and as stated in the pleading itself, this should unquestionably be construed to mean successor in interest. This was admitted by the plaintiff in its reply. In view of these admissions, there was no need of introducing any evidence on the subject; and we think it is fairly shown that plaintiff is the successor in interest of all the property held by the unincorporated society, and, of necessity, of all the property belonging to the individual members thereof. And from this we think plaintiff has good title to the lots under the deed. *Methodist Episcopal Church v. Conover*, 27 N. J. Eq. 157; *Labor Hall v. Gebert*, 48 N. J. Ch. 393 (22 Atl. Rep. 578.)

The claim of adverse possession is also without merit. During all the time since the building was constructed, plaintiff and its predecessor have been in possession of

4. Title by adverse possession.

the upper story of the building, claiming to own one-half of the lot. It has unquestioned title to part of it through the legalized conveyance from the city. Plummer's conveyance of the whole of the

property doubtless was a constructive ouster, but, as a matter of fact, there has been no actual ouster. Neither defendant nor his grantors have been in the exclusive possession of the entire property. As to the part received by conveyance from the city there has been no ouster, either actual or constructive, and plaintiff's continued possession saves the case from the claim of adverse possession. There were times when the Plummers and Barton claimed ownership of the entire lot, but their claims were treated as a jest by the plaintiff and its officers, as well they might be, so long as they retained possession and asserted ownership. As neither defendant nor his grantors have had exclusive possession of the lot, there is manifestly no merit in the claim of title by adverse possession. *Smith v. Young,* 89 Iowa, 338; *Burns v. Byrne,* 45 Iowa, 285.

The claim of estoppel is without any support in the evidence. Defendant has not changed his position by reason of any statement made by plaintiff. Indeed, plaintiff has made no statements, except to claim ownership of one-half of the land. So long as it retained possession, it was under no duty to the grantees of Plummer, who undertook to convey the whole title to the lot. It could rest secure on that possession, and was not bound to settle any extravagant claims made by defendant or his grantors. Plaintiff has not been guilty of laches, and the case is destitute of any of the elements of estoppel.

5. ESTOPPEL: evidence:

This disposes of defendant's claims, and we now turn our attention to plaintiff's appeal.

II. Plaintiff and defendant are joint owners and tenants in common of all that part of the real estate acquired from the city. They are also such owners of all of lot seven, exclusive of the building thereon. They own the building in severalty as heretofore stated. This building was erected under the contract hitherto recited. Partition of the property

6. PARTITION: when and how ordered.

owned in common was denied because of the condition of the property. Plaintiff concedes that the authorities hold that the owners of real estate in severalty cannot have partition, that owners who have had one partition cannot have another, that partition will be denied owners who have agreed not to partition their property, and possibly that owners may waive partition, but contends that in the case at bar none of these situations are present. The parties are owners in severalty of the building, but not of the land. They have not made voluntary partition, unless the contract to which we have referred should be treated as a separate allotment of an aliquot part of the real estate to each of the parties. They have not expressly agreed not to make partition, and, if there be any agreement of this kind, it is to be inferred from the facts stated; and, if there be a waiver, it is also to be found from these facts. The contract, as we have seen, did not constitute a voluntary partition. As we construe it, it had reference simply to the improvement which was to be placed upon the lot, and should be given no greater force and effect than if there had been two separate structures erected on the land; each co-tenant erecting under an agreement that he should be the owner thereof. There is nothing in the agreement with reference to continued occupancy.

Moreover, the building as it now stands was not erected under the contract. The original building was torn down and this one erected in its place. True, the parties contributed to the expense in the same proportion as they did to the old one, but there was manifestly no voluntary partition of the property in the erection of the new building. The property is not, of course, partible, but that in itself is no ground for denying the relief sought. Sale may be made, and a decree entered which will protect the rights of both parties. It will not be difficult to ascertain the amount invested by each in the building and in improvements, and no reason appears for

not ordering partition by sale.    The mere fact that such procedure will b⁹ inconvenient, injurious, or even ruinous, has been held to be no defense.    *Hanson v. Willard*, 12 Me. 147 (28 Am. Dec. 162; *Bradley v. Harkness*, 26 Cal. 77; *Lake v. Jarrett*, 12 Ind. 395; *Hartman v. Hartman*, 59 Ill. 103.

As said by Freeman in his work on Partition (2d Ed.) section 438, "We think that, if any species of corporeal property is not now subject to proceedings for compulsory partition, it embraces only those things, the division of which would be against public right or policy, or would tend to impair some paramount right existing in a stranger to the co-tenancy, or would outrage the public sense of propriety, decency, and good morals." See, also, *Cooper v. Water Power Co.*, 42 Iowa, 398.    Our conclusion on this branch of the case is sustained by *Leighton v. Young*, 3 C. C. A. 176 (52 Fed. Rep. 439, 18 L. R. A. 266); *Fisher v. Dewerson*, 3 Metc. (Mass.) 544.    The result reached is not in conflict with *Johnson v. Moser*, 72 Iowa, 523.    There the parties were owners in severalty of certain parts of a building which covered an entire lot.    The parties did not, as here, own the real estate jointly.

The decree on defendant's appeal is AFFIRMED, and on plaintiff's appeal it is REVERSED.