[No. 23710.   Department One.   July 13, 1932.]

R. J. HUSTON *et al., Respondents,* v. MARY E.
SWANSTROM, *Appellant.*[1]

*Sydney Livesey,* for appellant.

*O. R. Schumann* and *Don M. Tunstall,* for respondents.

STEINERT, J.—The plaintiffs by their complaint sought to have certain real estate owned by them and the defendant Mary E. Swanstrom, as tenants in common, sold under a decree of the court and the proceeds of the sale distributed to them in proportion to their respective interests.

. The defendant in her answer set up, in addition to a general denial, two affirmative defenses: (1) That, if

[1] Reported in 13 P. (2d) 17.

a forced sale of the premises was presently made, under present market conditions, it would be wholly destructive of the interests of both parties, particularly those of the defendant; and that plaintiffs had wilfully and arbitrarily refused to make any effort to conserve the interests of the parties, but had brought the action for the purpose of sacrificing and destroying defendant's interests; and (2) that, at the time that the property was acquired by the parties, there was an implied agreement between them that there would be no partition of the property for such reasonable time as would be required to operate and put it on a paying basis, and that such reasonable time had not yet elapsed.

Upon these issues, the court found for the plaintiffs, entering a decree appointing a referee and directing that the property be sold and the proceeds distributed to the parties. From this decree the defendant has appealed.

The property was acquired by the parties to this action, as tenants in common, from one Logan H. Roberts, through an exchange, on or about September 1, 1931, the respondents taking an undivided three-fifths interest and the appellant, Swanstrom, an undivided two-fifths interest therein. The property consists of four lots of ground fronting one hundred feet on North First street and one hundred forty feet on "A" street, in the city of Yakima, Washington. It is improved with a two-story brick and terra-cotta building erected in the year 1922, the building covering the entire parcel of ground.

The lower floor was planned and built to accommodate a garage or automobile business, and consists of one unit throughout. The second floor is fitted up for use as a hotel or rooming house, and is divided into forty rooms with seven private, and two public, baths.

A seven-foot hallway extends around the interior of the entire building with rooms on either side. In the center of the building are two large light wells, which distribute light to the first floor. The entrance to the second floor is on "A" street, with an exit in one corner of the building leading to an alley. The building has only a partial basement of about twenty feet by thirty feet, in which is located the heating plant. The heating, lighting, water and sewer systems are each single units. A partition of the property in kind would require considerable tearing down, remodeling, and reconstruction work, the cost of which was variously estimated by the several witnesses at from $7,000 to $15,000, and upwards.

The property is subject to a first mortgage in the sum of $37,500, and also to a second mortgage in the sum of $6,000, the second mortgage being held by Mr. Roberts to secure amortization payments as and when made by him on the first mortgage. These payments he had agreed to make in monthly installments of $250 each, to evidence which he was contemporaneously to receive the separate notes of the respective parties in such amounts as represented their proportionate interests in the property. The total amount of his advancements was to represent the amount and extent of the lien of his mortgage. Unpaid taxes for the year 1930 amount to $1,517.82.

Appellant's first assignment of error is to the court's order requiring the property to be sold instead of partitioned in kind. Evidence was introduced by her to the effect that it would be feasible to partition the property. Respondents' evidence was to the contrary.

Rem. Comp. Stat., § 838, reads as follows:

"When several persons hold and are in possession of real property as tenants in common, in which one

or more of them have an estate of inheritance, or for life or years, an action may be maintained by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for sale of such property, or a part of it, *if it appear that a partition cannot be made without great prejudice* to the owners." (Italics ours.)

Many of the witnesses who testified were experts in their professions and trades, real estate men, contractors, architects, electricians and plumbers. The court, after hearing and considering all the evidence, found that it was impractical and impossible to partition the real estate in kind without great prejudice to the owners. A reading of the statement of facts convinces us that the court was right in its conclusion that the property was not partible without great prejudice to the owners.

The appellant next contends that, if the property is presently sold under a forced sale, it would not net anything in excess of the existing liens and encumbrances. Appellant's argument, when analyzed, is that the present economic conditions should forestall immediate sale until the real estate market should revive and better prices become obtainable. When that will be, it is, of course, impossible to say. The phenomenon of business depression may be met with patience and courage, and is always accompanied by hope that its termination will not be long deferred, but its end cannot be prophesied with any fixed certainty on which legal rights and duties may be based. Its influences and effects are too complicated to be appraised with exactness.

While the law always has and still does favor partition of land in kind rather than a sale thereof, yet if such partition cannot be made without great prejudice to the owners, the court must order a sale. *William-*

*son Investment Co. v. Williamson,* 96 Wash. 529, 535, 165 Pac. 385.

The right of an owner to separate ownership of his property, even though it can be accomplished only through the channel of a sale, is guaranteed by the statute, and the only statutory condition of its enforcement is that partition cannot be made without great prejudice to the owners. *Johnson v. Olmstead,* 49 Conn. 509, 517; *Truth Lodge No. 213, A. F. & A. M., v. Barton,* 119 Iowa 230, 93 N. W. 106, 97 Am. St. 303.

Inconvenience of the other owner or a depreciation in value of the interests by a partition, is not a defense. *Hamilton v. Johnson,* 137 Wash. 92, 100, 241 Pac. 672, 47 C. J. 289, §§ 50, 51.

In addition to the inconvenience and impracticability of physical partition, this case presents a well-nigh insuperable objection by reason of the existing mortgage covering the entire property. Since the court could not compel the mortgagee to accept an apportionment of the mortgage, each tract would remain subject to the entire encumbrance. *Porter v. Wingert,* 195 Iowa 317, 190 N. W. 330.

Appellant's second assignment of error is to the court's refusal to find that there was an implied agreement between the parties that the property was to be held, and not sold, for a period of two years. The appellant contends that this implication arises out of the agreement had with Mr. Roberts, the details of which have already been stated. Her argument is that, since Roberts was required to make the monthly advances of amortization payments, that necessarily carried with it the implication that the property was not to be sold within two years; she therefore contends that, if the property were sold within that time, it would render the agreement with Roberts incapable of performance, in that Roberts could no longer compel the execution

of the monthly notes by the parties to this action or the execution by them of a mortgage evidencing the total amount advanced by him. The appellant further contends, in this connection, that Roberts should not be exposed to the vicissitudes of another lawsuit involving the rights and obligations arising out of the agreement with him.

It is to be noted that Roberts, although a witness for the appellant and fully conversant with the issues presented, made no objection in any way to the relief sought by the respondents. In fact, his testimony was on the whole quite favorable to respondents. Aside from this, however, Roberts would be in no way prejudiced. He already had a mortgage of $6,000 to secure him against any advances that he might thereafter make. Furthermore, by the terms of his agreement, he was entitled to receive from the respondents and appellant, respectively, at the time of each advance, their notes as evidence of such advances made by him. Unless these were forthcoming, he could withhold such payments. He was, therefore, doubly protected by the very terms of his agreement. In *Hamilton v. Johnson, supra,* the court at p. 100 says:

"The right of partition by a tenant in common of real property is absolute, in the absence of an agreement to hold the property in such a tenancy for a definite and fixed time."

Although cotenants may bind themselves to waive or postpone the right of partition for a reasonable time, and although such agreement may even be implied where the purpose for which the property was acquired would be defeated by such partition, we find in the situation before us neither express agreement to that effect, nor anything that would operate as a waiver or estoppel. It does not appear that the purpose for which the property was acquired would be frustrated

by sale, except that, as appellant contends, she would be financially unable to bid in the property. This, however, is not sufficient ground for withholding relief to respondents. It is just as conceivable that maintaining the property in its present status, practically unoccupied and encumbered by a mortgage and unpaid taxes, will result in ultimate loss of investment to either one, or probably both, of the parties.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HERMAN, and PARKER, JJ., concur.