[Civil No. 264.    Filed September 3, 1890.]

[73 Pac. 445.]

## JAMES BRASH, Plaintiff and Appellee, v. NICHOLAS WHITE, Defendant and Appellant.

1. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.—Where there is a substantial conflict in the evidence this court will not disregard the conclusion of the trial court.

2. IRRIGATION—WRONGFUL DIVERSION—DAMAGES—DEFENSES—TENANCY OR LICENSE TERMINATED BY ADVERSE HOLDING.—In an action for damages for the wrongful diversion of water from plaintiff's land by defendant it is no defense for defendant to claim as tenant or licensee of plaintiff where it appears that he had terminated his relations with plaintiff by "jumping" the land on which he was as tenant or by license and holding adversely to plaintiff.

**3.** APPEAL AND ERROR—BILL OF EXCEPTIONS—MOTION FOR NEW TRIAL—
REV. STATS. ARIZ. 1887, PAR. 842, CITED.—Failure to save the motion
for a new trial by a bill of exceptions is fatal to the appeal.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Pinal.
Affirmed.

The facts are stated in the opinion.

Sloan & Stone, and Houghton, Silent & Campbell, for Appellant.

That defendant originally took water from September, 1886,
from the plaintiff's ditch with the plaintiff's full consent
and under an agreement of some kind, is conceded. That there
was no complaint about his taking water until Brash claimed
that White had jumped one hundred and sixty acres of his
land in the upper part of the valley, is beyond dispute. Now
if this arrangement was made in August, 1886, and if it was
partially carried into effect by the construction of ditches,
and taking the water, it follows that the lease was valid for the
term of one year, and that White, as lessee, had a right to the
water.

The general rule has been to treat a person in White's
position as a tenant from year to year. In either case White
was entitled to the water until the expiration of his term.

That part performance of a contract void under the statute
of frauds or the doing of acts under it which would be detrimental to the party doing them if the contract should not be
carried out, when done with the knowledge and approval of
the other party, are good grounds for enforcing parol contracts for land is familiar doctrine. In this case White, on the
faith of the water supply, had proceeded to clear some acres
of land, and had built his house and put in a crop. It would
be grossly inequitable to say that after he had done this he
should be liable to be turned out at a moment's notice or
be treated as a trespasser.

See Wood on Landlord and Tenant, sec. 205, pp. 284-289;
*Arguello* v. *Edenger,* 10 Cal. 159; *Morrison* v. *Peay's Executors,* 21 Ark. 112.

G. H. Oury, (Baker & Campbell, of Counsel,) for Appellee.

Where there is a substantial conflict in the evidence in the court below, the judgment will not be disturbed upon the ground that said judgment is contrary to the evidence. *Ehlrich* v. *Ewald,* 51 Cal. 172; *Gray* v. *Salt River Valley Canal Co.,* 2 Ariz. 225, 12 Pac. 607.

White only used the water under license from Brash without consideration, which license was revocable at any time. *Morrell* v. *Mackman,* 24 Mich. 279.

PER CURIAM.—This is an action by the plaintiff against defendant for damages claimed to have been suffered by reason of the defendant cutting an irrigating ditch of plaintiff and diverting water therefrom, thereby injuring the crop of plaintiff. It is insisted by defendant (appellant), first, that there was no substantial damages proven on the trial below. The evidence does disclose the fact that the plaintiff on the trial below testified that White (defendant), without his (plaintiff's) permission, puts dams in the ditch and diverted water from May 11th to June 1st nearly all the time, and that consequently, he lost nearly all his corn, and had a young crop of alfalfa injured; that he had from two hundred and fifty to three hundred acres in alfalfa; that he lost one hundred tons of alfalfa, worth ten dollars per ton in stack, the cost of putting in stack, two and one half dollars per ton; that he lost twenty thousand pounds of grain, and perhaps twenty-five dollars worth of trees.

Several witnesses testified that they saw the crop of plaintiff, and that it looked like it needed water. On the other hand, the defendant's evidence was very strong that there was no substantial damage to plaintiff by reason of anything done by defendant. It may be said the evidence was not as certain in character or as clear in preponderance as to make the question free from difficulty. But the court below, with the witnesses before it, was in a better position to judge of the credibility of witnesses and the weight of the evidence than the appellate court, that had only the record statement of what the evidence was, without the advantage of observing the manner of the witnesses, etc. The conflicting testimony was

weighed, considered, and determined by the trial court, and the rule in such cases is well settled that the appellate court will not disregard the conclusion reached by the trial court. The conflict in the evidence extended to the amount of damage suffered by the plaintiff, as well as the question of damage or no damage. Having examined the record sufficiently to see that there was a substantial conflict, we do not feel called upon to go over the same further than we have done.

It is further claimed by defendant that he was the lessee of water, and not of land and water. Upon this point, also, there was a conflict. It is still further claimed that defendant was tenant of plaintiff, and had a right to take water from his ditch as tenant for the year. Also that, if he was not tenant, he had a license from the plaintiff to do so. If we concede that he was tenant by the year or that he had a license from the plaintiff, his tenancy or his license, whichever it was, he terminated by his own act of "jumping" the land on which he was as tenant or by license. He cannot occupy the position of an adverse and hostile holding, and at the same time that of a tenant or licensee. The conclusions we have reached cover all the material points in the case.

While we have considered the merits of this case, there are objections to the transcript fatal to the appeal. The motion for a new trial was not saved by a bill of exceptions. Rev. Stats. 1887, par. 842.

Judgment below is affirmed.