[No. 1305. Decided August 3, 1894.]

## Seymour R. Allen *et al., Respondents,* v. Jennie Higgins, *Appellant.*

EJECTMENT — PLEADING — ACTION BY TENANT IN COMMON.

Under § 532, Code Proc., requiring the defendant in ejectment proceedings to plead the estate or license whereby he holds possession, an answer of general denial will create no issue; and where plaintiff, in such an action, pleads and proves any legal right to the premises, he thereby establishes a *prima facie* case against defendant.

A tenant in common is, as against every person but his co-tenant, entitled to every part of the common land, and may recover the possession of all such land in an action of ejectment brought against a stranger to the common title.

*Appeal from Superior Court, Pierce County.*

*John P. Judson,* for appellant.

*Ben Sheeks,* and *C. H. Dillon,* for respondent.

The opinion of the court was delivered by

Dunbar, C. J.—This is an action of ejectment. The complaint alleged that the plaintiffs were the owners, seized in fee and entitled to the possession of the tract of land in dispute; that while they were such owners, and so seized and possessed, and entitled to the possession, defendant, without right, entered into and upon the same, thereby ousting and ejecting plaintiffs therefrom, and continued to

withhold possession therefrom; alleged the damages, value of the rents, profits, etc. The answer was a general denial. The plaintiffs claimed title from two sources, one as the successors of the interest of George Luviney, and the other by conveyance from the "Workingmens' Joint Stock Association." Defendant did not offer any evidence. The question, therefore, is, did plaintiffs make a *prima facie* case?

Appellant contends that a general denial puts in issue every material allegation contained in the complaint, and that under such denial plaintiffs must prove every fact essential to recovery, and defendant may prove any facts which defeat plaintiffs' right to recover. Under the provisions of our Code of Procedure, § 532, in an ejectment proceeding, "the defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer;" and "if so pleaded, the nature and duration of such estate or license or right to the possession shall be set forth with the certainty and particularity required in a complaint." Consequently the testimony offered in this case was inadmissible under the pleadings in this case by defendant to defeat the rights of the plaintiffs. The defendant in this action, then, so far as the pleading or the proof is concerned, was a trespasser without any right whatever, and if plaintiffs had any legal right at all it was a superior right.

It had been decreed by the probate court that the premises described in the complaint escheated to the state. This decision of the probate court was set aside by the superior court of the state. Afterwards partition proceedings were instituted in the United States circuit court, the result of which, it seems to us, was to settle this case in favor of the respondents' contention. In that proceeding the respondent Allen, three of the original grantees, D. B.

Hannah, administrator of the estate of George Luviney, deceased, and all persons claiming as purchasers from the fourteen grantors were made parties, and even if there was a break in the title of the grantors all the parties in interest were before the United States court, and were bound by the decree which was made whereby the property was partitioned between the tenants in common, and whereby the Luviney interest was set off and decreed to respondent Allen. And we think the contention of the respondents is correct, that, even if all the parties were not before the court, still there were three of them, and the plaintiff Allen became by said decree a tenant in common with said grantees. If this be true, then, a tenant in common is, as against every person but his co-tenant, entitled to the possession of every part of the common land, and may recover the possession of all such land in an action of ejectment brought against a stranger to the common title. Freeman, Co-tenancy and Partition (2d ed.), § 343; *Touchard v. Crow*, 20 Cal. 150; *Williams v. Sutton*, 43 Cal. 65.

The proceeding against the state in which the title was decreed to be in the respondent Allen was a proceeding *in rem*, and the decree being *in rem* was conclusive and binding upon the defendant. *Ryan v. Fergusson*, 3 Wash. 356 (28 Pac. 910).

The judgment will be affirmed.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.