[No. 4799.  Decided March 11, 1904.]

KATHERINE M. SNYDER, et al., Respondents, v. O. G. HARDING, Appellant.[1]

LANDLORD AND TENANT—EJECTMENT—LEASE NOT EXECUTED BY WIFE—ACCEPTANCE OF RENTS—RESCISSION OF LEASE—FINDINGS OF FACT—CONCLUSIONS OF LAW WHEN SUPPORTED. In an action to recover possession of premises from a former tenant under a lease which was invalid because not joined in by the wife and another joint owner, in which the court finds at the request of the defendant that rent was received thereunder so that the wife and joint owner might be estopped by the acceptance of rent, a conclusion of law that the lease is invalid is supported by the further finding to the effect that the lease had been subsequently mutually rescinded, since such conclusion is not based wholly upon the non-execution of the lease.

[1]Reported in 75 Pac. 812.

SAME—RESCISSION OF LEASE BY ACTION TO COMPEL CONVEY-
ANCE—ACCEPTANCE OF RESCISSION BY SUIT TO RECOVER POSSESSION.
Where a tenant in possession begins an action for specific per-
formance of an alleged contract of sale to him, he rescinds the
lease, and an action to recover possession by the landlord is an
acceptance of such rescission, and the rescinded lease gives the
tenant no standing in court.

SAME—RESCISSION OF LEASE—WHEN WITHIN PLEADINGS. In an
action to recover possession of premises in which the complaint
alleges that defendant is in wrongful possession, claiming some
interest in the land, and the answer sets up a lease, and the
reply avers facts showing a mutual rescission of the lease, the
feature of the rescission of the lease is within the issues properly
presented by the pleadings.

SAME—DEFENDANT NOT A TENANT—PLEADINGS—RESTITUTION.
In such a case the action does not fail on the ground that it was
prosecuted against defendant as a tenant, because a writ of resti-
tution issued, where the complaint does not allege that defendant
was a tenant, since Bal. Code, §5500, authorizes such an action
against one not a tenant.

EJECTMENT—JOINT OWNERS—PARTIES PLAINTIFF—UNITY OF
TITLE. In an action for the recovery of premises, part of which
is owned by a husband and wife jointly with a third person, all
the owners are proper parties plaintiff although they do not own
the premises by unity of title, where the action arises out of a
common cause against the same party, since all having an interest
may unite in a single suit.

Appeal from a judgment of the superior court for Adams
county, Neal, J., entered April 21, 1903, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action to recover possession of
real estate and to quiet title. Affirmed.

*O. R. Holcomb,* for appellant.

*Merritt & Merritt,* for respondents.

HADLEY, J.—The statement of facts in this cause was
stricken at the time of the hearing. Therefore the only
questions to be determined are whether the conclusions of
law properly follow from the findings of the court, and

whether the judgment is sustained by the findings and conclusions, and is within the issues.

The complaint is for the possession of real estate, and also prays that plaintiffs' title thereto shall be quieted. It is alleged that the plaintiffs George S. Snyder and Katherine M. Snyder are husband and wife, and that they hold an ownership in said real estate as a community. The lands are alleged to be owned by said community and by their co-plaintiff, Charles D. Snyder. It is also alleged that the defendant wrongfully entered into possession of the land; that he now wrongfully holds it, and claims some interest therein which is unfounded and without right. The defendant answered that he leased the premises from the plaintiffs by an agreement with the plaintiff George S. Snyder; that, with the consent and approval of plaintiffs, he entered into possession, proceeded to cultivate the land, delivered to them the share of the crops as rent, and that the same was accepted by them.

The reply alleges, that the plaintiffs Katharine M. Snyder and Charles D. Snyder were in the state of California at the time said lease agreement was made, and that they neither joined therein nor knew thereof; that, prior to the time the same was made, the defendant knew of the marriage relation existing between the plaintiffs George S. and Katherine M. Snyder, and that the real estate attempted to be leased was their community property. It is alleged that the lease was void by reason of not having been executed by the wife of the community aforesaid, and by said Charles D. Snyder, and for the further reason that it was made wholly without their knowledge or authority, and was not subsequently ratified by them. It is further averred that said Katherine M. and Charles D. Snyder believed that there was no lease upon said premises for any fixed period, and that the same were

wholly free from any incumbrance of any character, and that such belief continued with them until the defendant in this action began a suit against said George S. Snyder, by which he claimed to have purchased said real estate, and also that he was the owner thereof.

Under the issues practically as stated above, the court found substantially as follows: That the said community is the sole owner of a portion of said real estate, and is the joint owner with said Charles D. Snyder of the remainder thereof; that said George S. Snyder entered into a written contract of lease with the defendant for said real estate, by which the same was to be leased for a term of three years, but that said Katherine M. and Charles D. Snyder did not join in the execution of the lease; that, at the time the lease was made, the defendant knew of the existence of the marriage relation creating the community aforesaid; that said lands were prepared for crop during the fall of 1899 and spring of 1900, the crop harvested and threshed in the year 1900, and that settlement in relation thereto was made between the plaintiffs and defendant by the defendant delivering to one Fred Snyder, the father of George S. Snyder and Charles D. Snyder, who was acting for the plaintiffs, the share of the crop belonging to the land; that a portion of the land was, by the defendant, again seeded in wheat in the fall of 1900 and spring of 1901; that in June, 1901, the defendant commenced an action in the superior court of Adams county, claiming to have purchased a part of the land, and demanding specific performance of a contract of purchase from George S. Snyder; that, after the commencement of said action by the defendant, and acting upon the notice thereby given that the defendant was not claiming to hold said real estate as the tenant of plaintiffs, but as the equitable owner thereof under his alleged purchase, the plaintiffs then instituted

this action against defendant for possession without demand or notice. At the request of the defendant it was also found that, at all times during his possession of the premises, he fully performed all the covenants and provisions of said lease by him to be performed, and that the plaintiffs received and accepted the proceeds of the lease without objection to the possession of defendant.

As conclusions of law from the foregoing facts, the court concluded, (1) that the said lease was not valid as against the plaintiffs, and (2) that, by the commencement of said action for specific performance of said alleged contract of sale, the defendant gave notice to plaintiffs that he did not hold, or claim to hold, said real estate under and by virtue of said lease, but that he was holding that part of it described in his complaint as equitable owner; that said acts on the part of the defendant amounted to a rescission by him of said lease contract, and that, by the commencement of this action by plaintiffs, a mutual rescission of the lease was effected. Judgment was entered awarding possession to the plaintiffs, and quieting title in them as against defendant, and those claiming under him. The defendant has appealed.

Appellant contends that the first conclusion of law is erroneous in that it does not follow from the facts which were found by the court at appellant's request. It is doubtless true that the lease contract was not good under certain findings of the court, in that it was found that the wife member of the said community, and also the other joint owner of a portion of the land, did not participate in the execution of the contract. Under other findings made, and particularly those made at appellant's request, it becomes a question whether such conduct of respondents appears as will estop them to deny the lease. If the find-

ings were confined to that subject, we might conclude that respondents were estopped, and that the court was in error as to the first conclusion of law, and in a judgment based wholly thereon. It was further found, however, that appellant began a suit against one of these respondents, by which he claimed to be the equitable owner, under a contract of purchase of a portion of this land, and sought specific performance of such contract. Appellant's position in that action was certainly notice to respondents that he did not claim to hold as tenant, but that he did claim to hold by the rights of a purchaser and equitable owner. Therefore, even if the conduct of respondents had theretofore been such as would estop them to deny the lease, yet appellant's position in his suit amounted to a declaration of rescission, on his part, of the lease contract, for he no longer claimed as tenant, but as owner. He cannot claim as a tenant while he occupies the position of one holding adversely. *White v. Brash* (Ariz.), 73 Pac. 445. Such rescission having been initiated by appellant, the present suit by respondents amounts to an acceptance thereof, and effects a mutual rescission. Appellant claims in this action only as tenant under the lease, and, with the lease rescinded, he appears to have no standing. We therefore believe the court's second conclusion of law was correct, and it sustains the judgment.

Appellant urges that the second conclusion of law is in conflict with the allegations of respondents' pleadings. We think not. It will be remembered, from the statement of the pleadings hereinbefore made, that the complaint alleges that appellant claims some interest in said land, but that the same is unfounded and without right. The answer admits a claim of interest, but sets it up as a claim of tenancy. The reply avers the facts about appellant's afore-

said suit, which amounted to a rescission of the tenancy agreement. Thus we think respondents' pleadings, in an orderly and logical manner, introduced the features which form the basis of the second conclusion of law, and that the same is within the pleadings.

Appellant contends that respondents, from the beginning of this action, proceeded against him as a tenant, and procured a writ of restitution. The allegations of the complaint are within § 5500, Bal. Code, which provides for bringing suit for possession, and to quiet title against one in possession who may not be a tenant, but who claims an interest in the property. Respondents' pleadings do not allege that appellant is a tenant. The findings, conclusions, and judgment are, therefore, within the issues, and, even though a so-called writ of restitution may have issued, we have only to determine whether the judgment of the court is within the issues, and is otherwise supported by the findings and conclusions.

Appellant suggests that respondents do not own the premises in dispute by unity of title, and that they have no common right to maintain action for possession. In 1 Pomeroy's Equity Jurisp. (2d ed.), § 245, the rule is stated that, in order to avoid multiplicity of suits, persons may unite in the same action "where a number of persons have separate and individual claims and rights of action against the same party, A, but all arise from some common cause, are governed by the same legal rule and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs . . ." See, also, *Osborne v. Wisconsin Cent. R. Co.*, 43 Fed. 824. Within the above rule, these respondents were not improperly united. The several rights of action arose from a common cause, are governed by the same legal

rule, and the whole matter may therefore be settled in a single suit.

We believe, for the reasons stated, that at least the second conclusion of law follows from the findings, and it sustains the judgment. The judgment is therefore affirmed.

Dunbar, Mount, and Anders, JJ., concur.