[No. 8415.  Department One.  March 25, 1910.]

## L. H. CRAVER, *Appellant*, v. AUGUST MOSSBACH, *Respondent*.[1]

JUDGMENTS—CONCLUSIVENESS—RECITALS—PARTIES BOUND—STRANGERS.  The rule that recitals in a judgment are not subject to collateral attack where the court had jurisdiction, and there is nothing in the record to contradict the recitals, has no application as to strangers to the record not parties or privies; hence, where a tax title holder conveyed and warranted the title, his grantee, in an action on the covenant, may show failure of title by reason of defects in the summons.

TAXATION—DEED—ACTION TO SET ASIDE—TENDER—NECESSITY.  A tender of taxes paid is sufficient to permit an action to set aside a tax deed, and need not be kept good, where the tender was not rejected because of its insufficiency, but because of contesting the title.

SAME—RECOVERY.  Lack of evidence as to the sufficiency of a tender of taxes, where the tender had been waived, is not ground for refusing to vacate a void tax deed.

[1]Reported in 107 Pac. 1037; 109 Pac. 1016.

TENANCY IN COMMON—RIGHT TO RECOVERY—POSSESSION—PARTIES.
A tenant in common is entitled to recover possession of the entire
estate, as against every person other than the cotenant.

APPEAL—REVIEW—EXCEPTIONS.    Findings not excepted to are
binding.

TRIAL—REJECTION OF DEED—APPEAL—RECORD.    Upon the condi-
tional rejection of a deed offered in evidence, the deed will be con-
sidered as in evidence on appeal, where otherwise the appellant
would have been misled.

Appeal from a judgment of the superior court for King
county, Frater, J., entered May 7, 1909, upon findings in
favor of the defendant, in an action to vacate a tax sale and
recover possession of real property, after a trial on the
merits before the court without a jury.   Reversed.

*A. C. MacDonald,* for appellant.

*Richard Saxe Jones,* for respondent.

PER CURIAM.—On April 7, 1891, Ernest Luckner became
the owner in fee simple of lot 3, in block 1, of Mills & Ran-
dall's Canal addition to the city of Seattle.   He died intestate
on December 2, 1899, without having disposed of the prop-
erty, leaving as his wife Minna Luckner, and five children,
Bernard, Anton, Annie, Louise, and Emma.   The taxes were
suffered to become delinquent on the property and a de-
linquency certificate therefor was taken out on October 16,
1900, by one C. P. Rollins, and in the November following,
proceedings were begun to foreclose the same.   These pro-
ceedings were prosecuted to judgment, resulting in a sale of
the property, at which sale Rollins became the purchaser for
the amount of the taxes then due and the costs of the fore-
closure proceedings.   Subsequently Rollins conveyed his in-
terests to the respondent, Mossbach.

On June 17, 1907, Minna Luckner, Anton Luckner, Louise
Luckner, Anna Papenberg, and Emma Pankow, by quit-
claim deed, conveyed their interests in the property to the
appellant.   Thereafter the appellant began the present ac-
tion against the respondent Mossbach and others to recover

possession of the property, averring in his complaint that the foreclosure proceedings were void for want of sufficient service, and that he was the owner of the property in virtue of the quitclaim deed above described.

On the trial the appellant offered evidence tending to support his averment as to the foreclosure proceedings, and certified copies from the county records showing mesne conveyance from the government of the United States to Ernest Luckner. He then offered in evidence the deed from the heirs of Ernest Luckner to himself. This deed was rejected as evidence by the court, apparently for the reason that the grantors were in no way connected with the title of Ernest Luckner. The appellant thereupon introduced the deposition of Anna Papenberg, who testified that she was a daughter of Ernest Luckner; that her father died December 2, 1899; that he left as his sole heirs at law the grantors named in the quitclaim deed to appellant, together with one Barnard Luckner, a son, who had died some three years prior to its execution. She also testified that her mother, who had joined in the deed, was not then of perfectly sound mind. The appellant further offered evidence tending to show a tender to the respondent of the amount of taxes and penalties paid by him to the county and state, and then rested.

The court thereupon announced that it would render judgment for the respondent, and subsequently made findings of fact in which it found that Ernest Luckner was the owner of the property at the time of his death, that respondent was in possession of the property, and that the foreclosure proceedings were regular and sufficient. It found that $70 had been tendered respondent as taxes prior to the commencement of the action, but averred that it was unable to find from the evidence whether or not this was a sufficient tender. On the question of the appellant's title it made the following findings:

"(4) That on or about the 17th day of June, 1907, the plaintiff in this action accepted a quitclaim deed from

Minna Luckner, Anton Luckner, Louise Luckner, Anna Papenberg, and Emma Pankow, describing that the parties conveyed to the plaintiff all of their interest in Lot Three (3) Block One (1) Mills & Randall's Canal Addition; that at the time of making said deed Ernest Luckner was dead, having died in the city of Chicago and leaving, among other heirs, a son known as Bernard Luckner.

"(5) That no other evidence was introduced in this action of any interest, title or right in the plaintiff L. H. Craver, than such as came to him by reason of said quitclaim deed from Minna Luckner, Anton Luckner, Louise Luckner, Anna Papenberg, and Emma Pankow.

"(6) That Minna Luckner, one of the persons making said quitclaim deed, was the wife of Ernest Luckner, deceased, and was of unsound mind at the time of making the quitclaim deed heretofore referred to, having insufficient ability and knowledge to properly convey said property."

It also found that the appellant had never been in possession of the property, and that the appellant's claim of interest therein was wrongful. As conclusions of law it found that the respondent was entitled to a judgment against the appellant to the effect that the appellant take nothing by his action, and that the respondent was entitled to a decree quieting his title as against the appellant's claims. Judgment was entered accordingly.

The judgment must be reversed. The summons in the tax foreclosure proceedings was by publication, and was insufficient under the rule announced by this court in *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043; *Smith v. White*, 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536; *Dolan v. Jones*, 37 Wash. 176, 79 Pac. 640; and *Wick v. Rea*, 54 Wash. 424, 103 Pac. 462. The summons being insufficient and void, it follows as of course that the judgment entered thereon is void, and that the respondent, in so far as his claim of title is based upon the foreclosure proceedings, has no interest in or claim to the property. The tender was ample enough to permit the appellant to maintain the action. It was not rejected be-

cause of its insufficiency, but because the respondent intended to contest the appellant's claim of title. There was, therefore, no necessity for keeping it good or bringing it into court. The court could properly, if the respondent so requested, in the exercise of its equitable powers, find the amount of taxes paid by him and make their payment to him, or into court for him, a condition precedent to letting the appellant in possession of the land, but because the court is unable to find from the evidence offered whether the tender was in the full amount of the taxes paid by the respondent is no reason for denying the appellant the right to recover his property.

On the question of title the evidence shows that the appellant acquired by his deed from the heirs of Ernest Luckner a valuable interest in the land in question, depending in quantity on the question whether the property was originally the separate property of Ernest Luckner or the community property of Luckner and his wife. But this question is not material here. By his deed the appellant became a tenant in common of the property with the wife of Luckner, and the rule in this state is that a tenant in common is entitled to the possession of the entire estate as against every person other than the cotenant, and may recover possession of the entire property when held by a stranger to the common title. *Allen v. Higgins*, 9 Wash. 446, 37 Pac. 671, 43 Am. St. 847.

The respondent argues that the deed through which the appellant derives title is not before the court, as it was rejected when offered and was not subsequently reintroduced. But the appellant is estopped to make this contention by reason of the finding of the court above quoted. No exception was taken to this finding, and it became binding upon both parties. Moreover the rejection of the deed when offered was conditional, and the appellant had the right to rely on the action of the court treating it as properly in

evidence. Any other rule would mislead him to his prejudice.

The judgment is reversed, and the cause remanded with instructions to enter a decree in favor of the appellant awarding him the possession of the property.

## ON PETITION FOR REHEARING.

[Decided July 26, 1910.]

PER CURIAM.—In a petition for a rehearing the respondent complains that the disposition of the foregoing case which this court has directed to be made will have the effect, unless modified, of denying him the right to present his defense to the appellant's cause of action. Our attention is called to the fact that the judgment was rendered at the conclusion of the appellant's evidence in chief—the court then deeming that the facts presented warranted a judgment for the respondent even though uncontroverted—and that he has had no opportunity to contest the validity of certain of the documents on which the appellant relied, and which the trial court deemed immaterial, but which this court thought sufficient to warrant a judgment for the appellant. The complaint we feel is just, and the order of the court will be that the judgment appealed from be reversed and the cause remanded for a new trial.