[No. 18565. Department Two. November 20, 1924.]

## ALMA DE LA POLE, *Appellant,* v. E. L. LINDLEY *et al.,* *Respondents.*[1]

TENANCY IN COMMON (2-1, 9)—MUTUAL RIGHTS—LEASE BY COTENANT—VALIDITY. A daughter, having an interest in community property, conveyed to her mother by a void deed, is a tenant in common, and entitled to recover only her share of rents collected by her mother.

SAME (7)—MUTUAL RIGHTS—USE AND OCCUPATION—RENTS AND PROFITS. A lease made by one tenant in common is not void, nor the possession of the tenant wrongful, prior to any interference with the asserted rights of the co-tenant.

TROVER AND CONVERSION (36)—DAMAGES—MEASURE OF DAMAGES—VALUE OF PROPERTY AT TIME OF SALE. The measure of damages for the conversion of wheat is the value of the property at the time of the conversion, which, in the case of wheat sold by a tenant rightfully in possession, is the time of the sale.

Cross-appeals from a judgment of the superior court for Columbia county, Mills, J., entered December 4, 1923, upon findings in favor of the plaintiff, in an action for conversion, tried to court. Affirmed.

*S. A. Keenan* and *R. M. Sturdevant,* for appellant.

*Will H. Fouts* and *Roy R. Cahill,* for respondents and cross-appellants.

FULLERTON, J.—The plaintiff, Alma de la Pole, brought this action against the defendants Lindley, who are father and son, to recover as for the conversion of certain wheat. The plaintiff recovered in the sum of $1,277.79, and from a judgment entered in the plaintiff's favor for that sum, with interest, both parties appeal; the plaintiff contending that she was entitled to a much larger sum, and the defendants contending that there should have been no recovery at all.

[1]Reported in 230 Pac. 144.

The land upon which the grain was grown is situated in Columbia county, and was formerly the community property of John W. Duncan and Clara A. E. Duncan, his wife. John W. Duncan died intestate in February, 1898. The plaintiff was his adopted daughter, and was his heir at law to one-half of the community estate of which he died seized. Shortly after the death of Duncan, letters of administration of his estate were issued to Mrs. Duncan, and in 1900, she purported to acquire through the probate proceedings the daughter's interest in the property. From that time forward until her death, which occurred in 1919, Mrs. Duncan treated the property as her own, sometimes farming it on her own account, and at other times leasing it to tenants, and at all times exercising acts of ownership over it, although the plaintiff continuously resided with her as a member of her household.

On December 21, 1918, Clara A. E. Duncan leased the land to the elder Lindley for a term ending on the first day of November, 1924, "for the annual crop rental of one-third of all crops of hay and grain grown on the premises" during the term of the lease. Mrs. Duncan reserved from the operation of the lease, among other parts of the property, the dwelling thereon in which she and the plaintiff were then residing. The lessee took possession of the land leased to him immediately after the execution of the lease and raised crops thereon during the years 1920 and 1921. Mrs. Duncan died on November 27, 1919. She left a will in which she devised to the plaintiff a life estate in the land, with remainder over to a third party. She named the younger Lindley as her executor, and he qualified as such.

After the death of Mrs. Duncan, the plaintiff conceived that the sale of her interest in the land was voidable as to her, and began an action against the

executor and the residuary legatee to recover such interest. She was successful in her suit, and a final decree in her favor was entered in 1922. See *de la Pole v. Lindley,* 118 Wash. 387, 204 Pac. 12. She then began the present action, with the result hereinbefore stated.

As a basis on which to measure the amount of the recovery, the trial court found these further facts, namely:

"That some time prior to the year 1920, the defendant E. L. Lindley verbally transferred to his co-defendant Troy Lindley some interest in said lease or in the crops to be grown thereunder.

"That, in the year 1921, the defendants produced on said lands 8696.25 bushels of wheat and ten acres of hay, which transposed into wheat amounts to 435 bushels, or a total of 9131.25 bushels of wheat, at a total cost to said defendants of $4,422.73.

"That, in the year 1921, the defendants produced on said lands 5098 bushels of wheat at a total cost to said defendants of $4,096.74.

"That the defendants sold the wheat produced in 1920 at $1.23½ per bushel, and sold the crops produced in 1921 at $1.10 per bushel, which was the reasonable value of said crops at the time they were sold.

"That said E. L. Lindley was required to account to the executor of the estate of Clara A. E. Duncan for one-sixth of the grain produced on said lands, and for the grain produced on said lands in the year 1920 the executor accounted for as having been received by him as rental under said lease the sum of $3,579.93, which, however, was $1,789.96 in excess of the amount he was required under the terms of said lease to receive as rental for said lands in his said capacity as executor.

"That of the crops produced in 1921, the defendant Troy Lindley, as executor of the last will and testament of Clara A. E. Duncan, deceased, turned over to the plaintiff in this action 849.4 bushels of wheat, and of the hay produced in 1920, said executor delivered

to the plaintiff one-third, the equivalent of 145 bushels of wheat.

"That the plaintiff in this action is entitled to receive from the defendants the proceeds of the one-half of all of the crops produced on said lands, less the amount of wheat turned over in kind to the plaintiff, and less one-half of the total cost of the production of said crops, and less also the sum of $1,789.96 so overpaid by E. L. Lindley to the executor of the estate of the last will and testament of Clara A. E. Duncan, deceased, as aforesaid; so that for the crop of 1920 the defendants are indebted to the plaintiff in the sum of $5,459.47, as the proceeds of 4,420.63 bushels of wheat at $1.23½ per bushel, less $2,211.37, one-half of the cost of production thereof, and less the sum of $1,789.96 overpaid to the executor of the last will and testament of Clara A. E. Duncan, deceased, as aforesaid, and defendants are indebted to the plaintiff for 2549 bushels of wheat produced in 1921, less 849 bushels of the crop of 1921 turned over to the plaintiff by the said executor, or 1700 bushels net of wheat sold by said defendants at $1.10 per bushel, or $1,870.00, and said defendants are entitled to a credit of $2,048.37, as one-half of the cost of production of the crop of 1921, leaving a balance due to the plaintiff from the defendants of $1,279.77."

Noticing the appeal of the plaintiff, her principal contentions are that the lease under which the defendant holds is void, that the defendant was for that reason a trespasser on the land, and that she is in consequence entitled to recover as for the value of the entire crop of grain and hay grown by the defendant on the land and for which he has not accounted to her. But with these contentions we are unable to agree. The lease was not void as to Mrs. Duncan's interest in the land. At the time of its execution, she was a tenant in common with the plaintiff in the property, and one tenant in common may lawfully sell, lease or otherwise dispose of his interest in the common property without the consent of his co-tenant,

and without the co-tenant joining in the instrument of conveyance by which the interest is conveyed. In this instance, therefore, the lessee, in so far as possession of and the right to farm the land was concerned, was a tenant in common with the plaintiff. His possession of any part of the property was not, therefore, wrongful. The rule is that each tenant in common is entitled to the use, benefit and possession of the entire property, the only limitation on his right being that he must so exercise his right as not to interfere with the equal rights of his co-tenant. In the present instance, we do not find that the plaintiff attempted to interfere with the lessee's possession until the termination of the action by which her interests in the property were finally established, which was after the crops, the value of which she seeks to recover, were grown and harvested. It follows that her utmost right is to recover a share of the rents and profits of land derived by her co-tenant from its use, measured by her interests in the property. The judgment of the trial court awards her this, and we cannot hold that she has any cause for complaint.

In support of the contention that the lease is void, the appellant cites and relies upon the case of *Snyder v. Harding,* 34 Wash. 286, 75 Pac. 812, but the case is not in point. In that case the lease was held invalid as a term lease because the leased interest was community property and the wife did not join in the lease. It was not so held because one tenant in common could not make a valid lease of his interest in common property without the co-tenant joining therein.

The claim is made that the trial court erred in not allowing a recovery for the highest market value of the grain between the time the defendant appropriated it and the time of the trial. The court allowed a recovery, it will be seen from the findings quoted, for

the value the defendant received at its sale. The correct measure of recovery, where there is no wilful trespass, is the value of the property at the time and place of conversion. *Chappell v. Puget Sound Reduction Co.,* 27 Wash. 63, 67 Pac. 391, 91 Am. St. 820; *Gunstone v. Chicago, M. & P. S. R. Co.,* 79 Wash. 629, 140 Pac. 907, 52 L. R. A. (N. S.) 392; *Farmers & Merchants Bank of Walla Walla v. Small, ante* p. 197, 229 Pac. 531.

Since, in this instance, the defendant was rightfully in possession of the grain up to the time he sold it, the conversion took place at that time. It follows that, since the sale was for the full market value, the court did not err in holding that the price received measured the amount of recovery.

The appeal of the defendants we do not think requires extended consideration. The contention is that they have fully accounted for all of the rents and profits received by them either to the plaintiff or to the executor of Mrs. Duncan's estate. The evidence on the question, owing to the manner in which it was presented to the trial court, consisting as it does of stipulations, records in former causes between the parties, and probate records without specific references to the material parts, is somewhat difficult to follow. Our study of it, however, convinces us that there was no error in the court's conclusion that wheat to the value found by it had not been accounted for.

The judgment is affirmed.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.