[No. 4074–II.   Division Two.   April 9, 1981.]

R. M. Hegewald, et al, *Respondents,* v. Frances
Neal, *as Guardian,* et al,
*Appellants.*

*John Gavin* and *John W. Dayhoff,* for appellants.

*Robert K. Leick,* for respondents.

Reed, C.J.—This case is a sequel to *Hegewald v. Neal,* 20
Wn. App. 517, 582 P.2d 529 (1978), in which this court
affirmed an order requiring 140 acres in Skamania County,
including the property commonly known as the St. Martins
Hot Springs Resort, to be partitioned by sale. Defendants

Neal and St. Martin (hereinafter referred to as the St. Martins), owners of approximately a one–fifth interest in the property, now appeal an order confirming the sale to plaintiff Hegewald, the owner of four–fifths of the property, for $194,000. We affirm.

The long and at times tortuous history of this litigation confirms Judge Soule's observation in our first opinion that

> Tenancy in common, like marriage, can be an unhappy relationship and the process of dissolution may be prolonged, painful and expensive.

*Hegewald,* 20 Wn. App. at 518. Fortunately, for purposes of this appeal, only a brief review of that history is necessary.[1] In October 1976, the Skamania County Superior Court ordered the subject property to be partitioned by sale, finding that the property could not be partitioned in kind without "great prejudice" to the owners resulting. On appeal we affirmed, holding that the court's finding of "great prejudice" was supported by evidence that if partitioned in kind the aggregate value of the property would be $200,000, whereas if kept whole the property was worth $300,000. We further held that the trial court's conclusion that the property could not be partitioned in kind was supported by evidence showing the practical problems of dividing and separating the water available from the hot springs.

On remand the sale of the property was set for February 1979. On the St. Martins' motion the sale was postponed until April in order to allow greater publicity regarding the sale. At the time the sale was postponed, the court also ruled that cash bids would be required unless all parties agreed to accept a bid which included the extension of credit to the purchaser. No upset price was requested by any party. The property was sold in April to Hegewald, who was the only bidder, for $194,000. The St. Martins now appeal the order confirming the sale.

---

[1]For a more detailed discussion of the factual background of this case, see our first opinion, *Hegewald v. Neal,* 20 Wn. App. 517, 519–20, 582 P.2d 529 (1978).

The St. Martins' principal contention is that the sale price of $194,000 was so inadequate as to justify setting aside the sale. According to the St. Martins, the $194,000 figure represents only two–thirds of the fair market value of the property as determined by the court in initially ordering the sale. To confirm a sale for only $194,000, argue the St. Martins, would defeat the very reason for ordering the sale in the first place, as we held that if partitioned in kind the aggregate value of the property would be only $200,000 whereas the property as a whole was worth $300,000.[2]

██ To determine the adequacy of a partition sale Washington applies the rule of execution sales that a sale price will be set aside only on grounds of inadequacy if the disparity between the sale price and the fair market value is "so gross as to shock the conscience". *Prince v. Mottman,* 84 Wash. 287, 301, 146 P. 841 (1915), quoting from *Johnson v. Johnson,* 66 Wash. 113, 116, 119 P. 22 (1911). While the St. Martins urge us to adopt a standard that would allow greater scrutiny of the price of a partition sale, we believe it unnecessary to reach that issue, for we hold that under any standard the $194,000 figure is adequate. We base this holding on the fact that the only evidence in the record of the fair market value of the property *at the time of the sale* is the sale itself.

At the confirmation hearing the St. Martins urged the trial court to set aside the sale but offered no evidence of what the fair market value of the property was despite the fact that the burden of proof rested with them.[3] Instead,

---

[2]In making this argument the St. Martins fail to recognize that the disparity in property values between a partition in kind and a partition sale was not the only consideration in our affirming the order of sale. Of paramount importance was the evidence of the impracticality of partitioning in kind the waters from the hot springs.

[3]We can foresee a situation where it may be more equitable to place this burden on the party seeking to confirm the sale. This would be particularly true of a sale such as this, where the cotenant forcing partition is also the buyer. In these circumstances, if the buyer secures an order of sale based *solely* on his own evidence of a substantial disparity in value, then it would ill behoove him to offer

the St. Martins relied exclusively on the $300,000 value placed on the property approximately 3 years earlier at the time of the initial partition order. In essence, the St. Martins asked the trial court and now ask this court to take judicial notice of the fact that because of inflation the value of the property did not decline in the intervening years.[4] Courts may take judicial notice of facts within the common knowledge of the community. *Rogstad v. Rogstad,* 74 Wn.2d 736, 446 P.2d 340 (1968). While judicial notice of inflationary trends may be appropriate, *Gordon v. Gordon,* 44 Wn.2d 222, 266 P.2d 786 (1954), it would be inappropriate through judicial notice to apply such a trend to specific property. *See San Luis Obispo Bay Properties, Inc. v. Pacific Gas & Elec. Co.,* 28 Cal. App. 3d 556, 104 Cal. Rptr. 733 (1972); *In re Marriage of Sanborn,* 78 Ill. App. 3d 146, 396 N.E. 2d 1192 (1979); *Moss v. Moss,* 379 So. 2d 1206 (La. App. 1980). Consequently, because nothing in the record indicates that the property sold for anything but its fair market value at the time, we cannot say the sale price is inadequate.

The St. Martins also contend that an upset price should have been set. In a partition action a trial court has great flexibility in fashioning appropriate relief. *Cummings v. Anderson,* 94 Wn.2d 135, 614 P.2d 1283 (1980). As noted above, the St. Martins, at an earlier hearing, did not request an upset price be placed on the sale despite the trial court's amenability to structuring the sale according to the desires of the parties. Consequently, we believe the trial court did not abuse its discretion in not setting an upset price.

---

less without having to assume the burden of showing a decrease in value. As we noted above, however, the initial order of sale in this case was not based solely on the disparity of property values but also recognized the difficulty of partitioning the water from the hot springs.

[4]At the confirmation hearing the attorney for Hegewald stated that he was prepared to present evidence that the property had in fact declined in value. Because the St. Martins had the burden of presenting the evidence on this issue, this evidence was never offered.

■ Finally, the St. Martins contend the partition sale violates due process of law, as the sale amounts to the taking of private property of an individual for the private use of another. We find this argument unpersuasive. As cotenants the St. Martins' interest in the property was subject to the rights of the other cotenants. One of these rights is the right to seek partition. *Reilly v. Sageser,* 2 Wn. App. 6, 467 P.2d 358 (1970). A partition action is analogous to any type of dissolution proceeding and does not involve a "taking" in the constitutional sense. *See Medley v. Medley,* 61 Tenn. App. 331, 454 S.W. 2d 142 (1970); *Metcalf & Simpson v. Hoopingardner,* 45 Iowa 510 (1877). Consequently, the sale does not violate due process.

The order confirming the sale is affirmed.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied May 13, 1981.

Review denied by Supreme Court July 17, 1981.