[No. 5148-0-III.   Division Three.   January 26, 1984.]

EUGENE M. SCHULTHEIS, ET AL, *Respondents*, v. HAROLD SCHULTHEIS, ET AL, *Appellants.*

*Harry E. Hennessey, Garry H. Gibson,* and *Hennessey, Curran & Blair,* for appellants.

*Wesley A. Nuxoll* and *Nuxoll, McBride & Libey,* for respondents.

THOMPSON, J.—This case involves the partition of jointly owned property.

In December 1962 and January 1963, Winifred and Andrew Schultheis conveyed farmland to six of their children and the spouses of the married children. In 1963, at the request of their parents, the grantees signed an agreement which, among other things, provided no party would seek partition and the covenants contained in the agreement were to run with the land. The grantees did not negotiate the terms of the agreement. Rather, it was signed at the request of the elder Schultheises who wished the property to remain in the family.

Andrew and Winifred, the parents, died in 1964 and left additional property to their children which is not part of this appeal. At the same time, one of the parties to the agreement died, and his property passed by intestacy to his mother and from her, by will, to the remaining children. The deceased child had neglected to execute a will as required by the agreement, but the resulting distribution was the same.

Shortly after the parents' deaths, some of the children entered into a "partition agreement"[1] whereby Eugene, Shirley, Harold, and Ann Schultheis acquired the interest in the disputed property of Donald and Marie Schultheis without the participation of the remaining children. None of the excluded children complained.

In 1976, Eugene and Shirley petitioned for partition and defendants John and Catherine answered by agreeing to the partition. The remaining co–owners' answer included reference to the written agreement not to partition as an affirmative defense. The plaintiffs moved to strike the defense and the defendants moved for summary judgment. The trial court found the agreement not to partition was

---

[1] It appears this was not really a partition agreement. Partition involves the division of land by joint owners into distinct portions, to be owned separately. Black's Law Dictionary 1276 (4th rev. ed. 1968). In the above situation the parties traded interest in land but did not alter the joint ownership.

enforceable, but only until the parents' deaths, or 10 years after execution of the agreement, whichever would first occur. (Both events have since occurred.) This appeal followed.[2]

The sole issue is whether the trial court erred in limiting the enforcement of the nonpartition agreement to 10 years or the lives of the parents.

The right of joint owners of real property to partition their lands is guaranteed by statute. RCW 7.52.010 provides:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, an action may be maintained by one or more of such persons, for a partition thereof, according to the respective rights of the persons interested therein, and for sale of such property, or a part of it, if it appear that a partition cannot be made without great prejudice to the owners.

However, in *Hamilton v. Johnson,* 137 Wash. 92, 100, 241 P. 672 (1925), the court stated:

> The right of partition by a tenant in common of real property is absolute, *in the absence of an agreement* to hold the property in such a tenancy for a definite and fixed time.

(Italics ours.) *See also Huston v. Swanstrom,* 168 Wash. 627, 13 P.2d 17 (1932). Thus, the parties here could limit the right to partition for a reasonable or specific amount of time. However, the agreement does not limit the nonpartition for a reasonable time. It expressly states the covenants contained in the agreement shall run with the land. Since the agreement was intended to prevent partition forever, it must be decided whether to enforce the agreement, find it void, or modify it.

█ Generally, an agreement never to partition is not enforceable. *See* Annot., *Contractual Provisions as Affect-*

---

[2]This was a decision determining the action and therefore appealable. RAP 2.2(a)(3).

*ing Right to Judicial Partition,* 37 A.L.R.3d 962, § 8[a], at 978 (1971); *see also* 59 Am. Jur. 2d *Partition* § 7, at 775 (1971); 68 C.J.S. *Partition* § 44, at 67 (1950). However, *Robroy Land Co. v. Prather,* 95 Wn.2d 66, 622 P.2d 367 (1980) suggests the court should determine a reasonable term for the agreement rather than find the agreement void. Although *Robroy* involved an agreement otherwise void because of the rule against perpetuities, some of the reasoning is applicable. The court stated an effort should be made to effectuate the purposes of the parties, not to frustrate them. Presumably, the parties would not enter a void contract and would have agreed to a reasonable time if the potential problem had been pointed out. *Robroy* did not fix the limits of a reasonable time, but said, "Each case should be judged on its facts." *Robroy,* at 74.

In determining what would be a reasonable time, the trial court looked at several factors. First, it considered the agreement had been ignored in the past. Harold, one of the parties who now asserts the agreement in defense, was party to the land transfer which violated the terms of the agreement. Having ignored the agreement himself, he should not be allowed to raise it against a co–owner. The court also noted the agreement was initiated by the parents and entered into without any negotiation by the parties. Finally, it looked at the terms and intent of the agreement. One of the agreement's stated purposes was to keep the land in the family. However, the agreement allowed sale outside the family after 10 years. If a nonfamily member could buy the property, there would be little reason to prohibit its partition. Furthermore, partition alone does not remove the land from family ownership; it only breaks up one large family holding into several small ones.

We find the period selected by the trial court was reasonable and supported by the evidence. We decline to substitute our judgment for that of the trial court. *See Oak Bay Properties, Ltd. v. Silverdale Sportsman's Ctr., Inc.,* 32 Wn. App. 516, 520, 648 P.2d 465 (1982).

The judgment of the trial court is affirmed.

GREEN, A.C.J., and McINTURFF, J., concur.

Reconsideration denied February 28, 1984.

Review denied by Supreme Court May 11, 1984.