[No. 9007-8-III.  Division Three.  December 15, 1988.]

JOEL CARR, *Appellant,* v. RICHARD DEKING, *Respondent.*

*Roger Coombs* and *Bastine, Coombs & Grabicki,* for appellant.

*Robert Lamp* and *Witherspoon, Kelley, Davenport & Toole,* for respondent.

GREEN, J.—The primary issue presented by this appeal is whether a tenant in common who refuses to join in a lease executed by the other tenant in common is entitled to eject the lessee.

Joel Carr and his father, George Carr, now deceased, owned a parcel of land in Lincoln County as tenants in common. From 1974 through 1986 the Carrs leased the land to Richard Deking pursuant to a year–to–year oral agreement receiving one–third of the annual crop as rent. The Carrs paid for one–third of the fertilizer. In 1986, Joel Carr informed Mr. Deking he wanted cash rent beginning with the 1987 crop year. Mr. Deking was not receptive to this proposal.

In February 1987 Joel Carr wrote a letter to Mr. Deking to determine if he wanted to continue leasing the property. Mr. Deking did not respond. Instead he discussed the lease with George Carr. On February 18 Joel Carr went to his father's home and found Mr. Deking there discussing a possible 5–year lease. Joel Carr again indicated he wanted cash rent. Later that day, unbeknownst to Joel Carr, Mr. Deking and George Carr executed a written 10–year crop–share lease at the office of Mr. Deking's attorney. Under this lease, Mr. Deking agreed to pay all fertilizer costs. Joel Carr neither consented to nor ratified this lease and never authorized George Carr to act on his behalf.

In April Joel Carr gave notice to Mr. Deking that his tenancy would terminate at the end of the 1987 crop year. Mr. Deking responded that he would retain possession pursuant to the written lease with George Carr. In July Joel Carr commenced this action to declare that no valid lease existed, Mr. Deking had no right to farm the land and he should be required to vacate the land at the end of the 1987 crop year.

On August 21 Mr. Deking moved for summary judgment. He contended a lessee of one tenant in common cannot be ousted by the other tenant in common; and, therefore, Mr. Deking should be deemed a tenant in common with Joel Carr for the duration of the 10–year lease or until the premises are partitioned. Joel Carr also moved for summary judgment declaring the Deking–George Carr lease terminated. Additionally, he claimed his affidavit established an issue of fact as to whether George Carr had the mental capacity to enter into the lease. George Carr was never named as a party to this lawsuit. The court granted Mr. Deking's motion for summary judgment on October 7.

Before the judgment was formally entered, Joel Carr moved to amend his complaint to seek the right to lease his interest in the land to someone other than Mr. Deking if the lease was declared valid. He also sought a full one–third of the crop as rent should he acquiesce in the lease. On November 24, Joel Carr's motions were denied and he was

granted as rental one–sixth of the crop grown on the land and one–sixth of a government conservation payment, but he was required to reimburse Mr. Deking for one–sixth of the fertilizer costs. Summary judgment was then entered declaring the lease valid as to all of the land for 10 years or until partition occurs. The court granted Mr. Deking's motion to strike portions of Joel Carr's affidavit as conclusionary statements about George Carr's mental capacity.

In reviewing a summary judgment, this court engages in the same inquiry as the trial court. Summary judgment under CR 56(c) can be granted only if the pleadings and depositions, together with affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). All facts submitted and all reasonable inferences must be considered in the light most favorable to the nonmoving party. *Wilson,* at 437. Summary judgment should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974).

First, Joel Carr contends the court erred in refusing to eject Mr. Deking from the property on any of three bases: (1) He did not authorize or ratify the lease and, therefore, is not bound by it; (2) Mr. Deking is a stranger to the common title, *Craver v. Mossbach,* 57 Wash. 662, 107 P. 1037, 109 P. 1016 (1910); *Allen v. Higgins,* 9 Wash. 446, 37 P. 671 (1894); and (3) the rights of Mr. Deking as lessee are subordinate to those of a nonjoining tenant in common. *Hamilton v. Johnson,* 137 Wash. 92, 241 P. 672 (1925). He argues public policy should prevent prospective lessees from going behind the back of one tenant in common to obtain a more favorable lease from the other.[1]

---

[1]Joel Carr also argues Mr. Deking had no right to possession subsequent to the 1987 crop season because he was given timely notice to vacate under RCW 59.12.035 and this terminated the tenancy. This position is inconsistent with general cotenancy principles, as George Carr did not join in the notice to terminate.

On the other hand, it is Mr. Deking's position that George Carr could lawfully enter into a lease with respect to his own undivided one–half interest in the property, and Joel Carr was not entitled to bring an ejectment action to which George Carr did not agree. *Johnston v. De Lay,* 63 Nev. 1, 158 P.2d 547, 161 P.2d 350 (1945). He asserts the proper remedy is partition, not ejectment.

■ It is well settled that each tenant in common of real property may use, benefit and possess the entire property subject only to the equal rights of cotenants. *Rayonier, Inc. v. Polson,* 400 F.2d 909, 919 (9th Cir. 1968); *De La Pole v. Lindley,* 131 Wash. 354, 358, 230 P. 144 (1924); 86 C.J.S. *Tenancy in Common* § 112, at 518 (1954 & Supp. 1988); 4A R. Powell, *Real Property* ¶ 603[1], at 50–14 (1986 & Supp. 1988); *see* Comment, *The Inter Vivos Rights of Cotenants Inter Se,* 37 Wash. L. Rev. 70 (1962). Thus, a cotenant may lawfully lease his own interest in the common property to another without the consent of the other tenant and without his joining in the lease. The nonjoining cotenant is not bound by this lease of the common property to third persons. *Reinhart v. Centennial Flouring Mills Co.,* 6 Wn.2d 620, 623–24, 108 P.2d 377 (1940); *Tungsten Prods., Inc. v. Kimmel,* 5 Wn.2d 572, 575, 105 P.2d 822 (1940); 86 C.J.S. § 113, at 519. The lessee "steps into the shoes" of the leasing cotenant and becomes a tenant in common with the other owners for the duration of the lease. *De La Pole,* at 358; 86 C.J.S. § 113(f), at 521; *see* Comment, 37 Wash. L. Rev. at 75. A nonjoining tenant may not demand exclusive possession as against the lessee, but may only demand to be let into copossession. *Johnston v. De Lay,* 158 P.2d at 551–52 (citing *De La Pole v. Lindley, supra*); *Davis v. Shawler,* 214 Kan. 501, 520 P.2d 1270, 1276 (1974); 86 C.J.S. § 112, at

---

Joel Carr's cited case, *Smeltzer v. Webb,* 101 Wash. 568, 172 P. 750 (1918), is distinguishable. There, in an oral conversation with the lessee, the landlord represented the marital community and therefore notice to vacate was binding on husband and wife. Here, the court did not abuse its discretion in denying a motion by Joel Carr to amend his complaint in this regard. *See Herron v. Tribune Pub'g Co.,* 108 Wn.2d 162, 165, 736 P.2d 249 (1987).

521; 3 G. Thompson, *Real Property* § 1071, at 259 (1980 repl.).

Applying these principles, we find Joel Carr is not entitled to eject Mr. Deking from the property. The proper remedy is partition and until that occurs, Mr. Deking is entitled to farm the land under the lease. There is no indication that this property is not amenable to physical partition. Joel Carr clearly has the right to that remedy. *See Schultheis v. Schultheis,* 36 Wn. App. 588, 675 P.2d 634, *review denied,* 101 Wn.2d 1016 (1984); *Hegewald v. Neal,* 28 Wn. App. 783, 626 P.2d 535, *review denied,* 95 Wn.2d 1029 (1981), *cert. denied,* 455 U.S. 944 (1982); RCW 7.52-.010. Joel Carr cites no authority and none has been found which would render the lease ineffective as between the estate of George Carr and Mr. Deking. The cases upon which Joel Carr relies are distinguishable.[2]

Second, Joel Carr contends the court erred in striking from his affidavit his lay opinions which purport to raise an issue of fact concerning George Carr's mental capacity to enter into the lease. He requests this court to be lenient in considering this affidavit in opposition to summary judgment.[3] *Breit v. St. Luke's Mem. Hosp.,* 49 Wn. App. 461, 743 P.2d 1254 (1987). He also argues the court abused its discretion in denying a continuance to produce additional evidence on this issue. *Cofer v. County of Pierce,* 8 Wn. App. 258, 505 P.2d 476 (1973). We find no error.

---

[2]In *Allen v. Higgins, supra,* the court did not indicate the defendant claimed as a lessee. *Craver v. Mossbach, supra,* involved a stranger to the common title who purchased at a defective tax sale. In *Hamilton v. Johnson, supra,* the unauthorized acts of a cotenant/lessor remained binding on her own interest. *Snyder v. Harding,* 34 Wash. 286, 75 P. 812 (1904), upon which Joel Carr relied at oral argument, does not hold that one tenant in common is prohibited from making a valid lease of his interest in the common property absent joinder by a cotenant. The decision rested on other grounds. *Crodle v. Dodge,* 99 Wash. 121, 168 P. 986 (1917) is also inapposite. There a property owner was entitled to an accounting for timber removed by another.

[3]This issue was first raised in Joel Carr's motion for summary judgment to declare any purported lessor/lessee relationship terminated.

■ Lay opinion on the issue of mental responsibility of another is permitted so long as it is based on facts personally observed by the witness. *State v. Riggs,* 32 Wn.2d 281, 201 P.2d 219 (1949); *State v. Crenshaw,* 27 Wn. App. 326, 332–33, 617 P.2d 1041 (1980), *aff'd,* 98 Wn.2d 789, 659 P.2d 488 (1983); 5A K. Tegland, *Wash. Prac.* § 287, at 13–14 (2d ed. 1982). However, "unsupported conclusional statements cannot be considered by a court in a motion for summary judgment." *Mansfield v. Holcomb,* 5 Wn. App. 881, 886, 491 P.2d 672 (1971); *Brown v. Child,* 3 Wn. App. 342, 343, 474 P.2d 908 (1970). *See also Hash v. Children's Orthopedic Hosp. & Med. Ctr.,* 49 Wn. App. 130, 133, 741 P.2d 584 (1987), *aff'd,* 110 Wn.2d 912, 757 P.2d 507 (1988).

Joel Carr's affidavit states George Carr's mental capacity had failed substantially over the last several years. It also states that on the day the lease was signed George Carr appeared confused as to what to do with the property because he was first considering a 5–year lease and later that same day signed a 10–year lease. Neither of these statements tend to prove or disprove the capacity to contract. George Carr may have changed his mind during the course of the day—something he was entitled to do with respect to his undivided one–half interest. We cannot consider Joel Carr's conclusion that his father did not have the capacity to enter into the lease because it is unsupported by the assertions in the affidavit. We note the new lease shifted fertilizer costs to Mr. Deking from the shared cost arrangement in prior years. We find no error.[4]

■ Neither did the court abuse its discretion in refusing to grant a continuance. A continuance may be granted to a party who knows of the existence of a material witness and shows good reason why the affidavit of that witness cannot be obtained in time for summary judgment proceedings.

---

[4]Joel Carr's further claim that George Carr did not understand the terms of the lease during his deposition some 6 months *after* it was executed is of no moment because it does not establish his mental capability on the date it was signed.

*Cofer v. County of Pierce, supra;* CR 56(f). Joel Carr did not satisfy this criterion.

Finally, Joel Carr moved to amend his complaint and for reconsideration or clarification of his relationship with Mr. Deking pending partition. The court denied the motions to amend and to reconsider, but clarified the parties' relationship by ruling that Joel Carr was entitled to one–sixth of the crop, one–sixth of the government conservation payment and was obligated to reimburse Mr. Deking for one–sixth of the fertilizer costs. Joel Carr claims this was error. His challenge is directed to the requirement he pay fertilizer costs when the lease with George Carr required that Mr. Deking pay all such costs. He also argues the court improperly exceeded his request by determining the crop and conservation payment share.

In view of our holding that the trial court properly denied Joel Carr's effort to eject Mr. Deking, Joel Carr is entitled to the benefit of the Deking–George Carr lease, at his election, until a partition of the property occurs. However, Joel Carr cannot claim the benefits contained in the Deking–George Carr lease without also accepting the other terms of that lease. Consequently, we remand to the trial court to determine Joel Carr's election choice. If he elects to be governed until partition by the prior oral lease with Mr. Deking, then the trial court's ruling is affirmed. If Joel Carr elects to be governed until partition by the Deking–George Carr lease, then the judgment shall be so modified by the trial court.

Affirmed in part and remanded for further proceedings.

THOMPSON, C.J., and MUNSON, J., concur.

Reconsideration denied January 26, 1989.

Review denied by Supreme Court May 9, 1989.