2013 SEP -3 AM 9: 49



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68348-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GARY ALAN CROW, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 3, 2013 |
| | ) | |

LEACH, C.J. — Gary Crow appeals his conviction for unlawful use of a building for drug purposes under RCW 69.53.010. He claims that the trial court erred by rejecting his proposed jury instructions defining a "meretricious relationship" and informing the jurors that if they found Crow and Rebecca Brice were in a meretricious relationship, the law presumed that they jointly owned any property acquired during the course of that relationship. Because Crow fails to demonstrate that the proposed instructions would not mislead the jury and that they stated the applicable law accurately, we affirm.

## FACTS

On January 12, 2011, police officers served a search warrant on Crow's home in Arlington, Washington. During their search, the officers found a detached garage converted into three rooms for growing marijuana. They seized 90 marijuana plants from the garage and 28 starter plants from a bedroom in the

home. The State charged Crow with unlawful use of a building for drug purposes under RCW 69.53.010.

At trial, Crow testified that he and Brice began living together in 2003. Although he proposed and gave Brice a ring, they never married. In 2006, Crow purchased the house in Arlington and moved there with Brice.

In 2009, Brice told Crow that she wanted to become a medical marijuana provider and grow marijuana in the house. Because Crow opposed this, they had a discussion. Crow described the result as, "Well, she won. She won the argument basically." To allow Brice to grow the plants, Crow built the walls in a detached garage and set up an electrical system for the grow lights. He also set up lights in the house to enable Brice to grow starters. Crow did not tend or harvest the plants.

At the conclusion of the trial, Crow proposed two supplemental jury instructions. The first instruction stated,

> If you find that Mr. Crow and Ms. Brice had a meretricious relationship as defined in Instruction, the law presumes that property purchased during the course of that relationship is jointly owned, and you are bound by that presumption unless you find that it has been overcome by clear and convincing evidence.

His second proposed instruction stated,

> A meretricious relationship is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist. To determine whether a meretricious relationship existed between Mr. Crow and Ms. Brice you may consider the following factors: (1) the continuity of

-2-

cohabitation, (2) the duration of the relationship, (3) the purpose of the relationship, (4) the pooling of resources and services for joint projects, and (5) the intent of the parties.

The court rejected the proposed instructions, reasoning that the instructions did not apply and would confuse the jury.[1] The court explained, "[I]t seems to me that to the extent that the defendant and Ms. Brice were co-owners, that would not mean that somehow he is immune from this statute if it is, in fact, proved that he is a co-owner."

The jury found Crow guilty as charged. The court sentenced him to one day of confinement, with credit for time served. Crow appeals.

## STANDARD OF REVIEW

We review a trial court's refusal to give a proposed jury instruction for an abuse of discretion.[2] A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds.[3] "'Jury instructions are sufficient

---

[1] The court noted that "the more current term for meretricious relationship is committed and intimate relationship. If the Court were to give an instruction, I would probably use that term." See Olver v. Fowler, 161 Wn.2d 655, 657 n.1, 168 P.3d 348 (2007) ("While this court has previously referred to such relationships as 'meretricious,' we . . . recognize the term's negative connotation. Accordingly, we . . . substitute the term 'committed intimate relationship,' which accurately describes the status of the parties and is less derogatory." (citing Olver v. Fowler, 131 Wn. App. 135, 140 n.9, 126 P.3d 69 (2006))). The court did not reject the instructions on this basis.

[2] In re Det. of Pouncy, 168 Wn.2d 382, 390, 229 P.3d 678 (2010).

[3] State v. Emery, 161 Wn. App. 172, 190, 253 P.3d 413 (2011) (quoting State v. Allen, 159 Wn.2d 1, 10, 147 P.3d 581 (2006)), aff'd, 174 Wn.2d 741, 278 P.3d 653 (2012).

when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'"[4]

ANALYSIS

Crow claims that the trial court prevented him from arguing his theory of the case by rejecting his proposed jury instructions. Under his theory, "Crow and Brice were co-owners, residing together on the property on which Brice was growing marijuana and as a co-owner, the statute was inapplicable to Crow."

RCW 69.53.010(1) states,

> It is unlawful for any person who has under his or her management or control any building, room, space, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, to knowingly rent, lease, or make available for use, with or without compensation, the building, room, space, or enclosure for the purpose of unlawfully manufacturing, delivering, selling, storing, or giving away any controlled substance under chapter 69.50 RCW.

The court instructed the jury on the elements of the crime:

> (1) That on or about January 12, 2011, the defendant knowingly made available for use a building, room, space, or enclosure, for the purpose of unlawfully manufacturing, or unlawfully storing, a controlled substance;
> (2) That the building, room, space, or enclosure was under the defendant's management and control as an owner; and
> (3) That the acts occurred in the State of Washington.

---

[4] State v. Davis, 174 Wn. App. 623, 635, 300 P.3d 465 (2013) (internal quotation marks omitted) (quoting State v. Aguirre, 168 Wn.2d 350, 363-64, 229 P.3d 669 (2010)), petition for review filed, No. 88878-7 (Wash. May 30, 2013).

The court further instructed the jury, "The State must prove that the defendant knowingly allowed use of his property knowing the purpose was the unlawful manufacturing or unlawful storing of marijuana."

Crow attempts to distinguish this case from State v. Coria,[5] in which the court held that community property the defendant and his wife co-owned and co-possessed was "property of another" for purposes of the crime of malicious mischief under RCW 9A.48.080(1)(a). Crow argues,

> If the gravamen of the "maintaining a building" charge is to "knowing make available" a space for the unlawful manufacturing and/or storing of a controlled substance one must conclude that the State needs to establish that the person who is actually manufacturing and/or storing the controlled substance needs the permission and/or acquiescence of the owner to do so. . . .
> If Ms. Brice was a co-owner, . . . she had a right equal to that of Mr. Crow to use the property. Neither his permission nor acquiescence was needed for her to grow marijuana. . . . This statute is inapplicable to co-owners of property who have an equal right to occupy and use the property.

Crow concedes that "the amount of marijuana found on the property exceeded that allowed for a medical marijuana user." He does not allege that the court's instructions misstated the law.

We need not reach whether Brice co-owned the property or the status of Crow and Brice's relationship. Even if Crow and Brice co-owned the property, Crow fails to cite any authority supporting his claim that Brice's ownership would diminish or affect his liability under RCW 69.53.010. Regardless of Brice's

---

[5] 146 Wn.2d 631, 640, 48 P.3d 980 (2002).

ownership status, the law does not permit Crow to knowingly make the property available for her unlawful use. Crow does not dispute that he assisted with setting up the growing operation or that he was an owner of the property.

Additionally, even if Brice co-owned the property, she had no right to interfere with Crow's coequal rights to use, possess, and benefit from the whole property.[6] By growing marijuana on the property illegally, Brice subjected the property to potential forfeiture.[7] Because Crow fails to show that his proposed instructions would not mislead the jury or that they properly stated the applicable law, we reject his claim.

## CONCLUSION

Because Crow fails to establish that the trial court's jury instructions misstated the applicable law or that his proposed instructions would not mislead the jury and stated the applicable law accurately, we affirm.

_Leach, C.J._

WE CONCUR:

_Spearman, J._                    _Appelwick, J._

---

[6] Butler v. Craft Eng Constr. Co., 67 Wn. App. 684, 694, 843 P.2d 1071 (1992) (citing De La Pole v. Lindley, 131 Wash. 354, 358, 230 P. 144 (1924)).
[7] RCW 69.50.505(1)(h).